**MONTGOMERY WARD & CO., INC., Appellant,**

v.

**DENTON COUNTY APPRAISAL DISTRICT and Denton County Appraisal Review Board, Appellees.**

**No. 2–99–113–CV.**

Court of Appeals of Texas, Fort Worth.

Feb. 24, 2000.

Rehearing Overruled March 30, 2000.

Appraisal District and Denton County Appraisal Review Board to compel a revision of the assessed value of Appellant's personal property. While suit was pending, Appellant filed bankruptcy under Chapter 11 of the Bankruptcy Code. In 1998, the trial court dismissed Appellant's suit for want of prosecution, and this appeal followed. We affirm the dismissal order.

## BACKGROUND

Appellant's suit alleged that the value assessed by Appellees was in excess of the property's fair market value and that the assessment was arbitrary and unequal. When Appellant filed bankruptcy in 1997, the trial court was notified. On September 28, 1998, the trial court dismissed Appellant's tax suit against Appellees for want of prosecution. Appellant did not file a motion to reinstate, but it did file an unverified motion for new trial on October 13, 1998, which was overruled by operation of law on December 12, 1998.

## POINTS ON APPEAL

Appellant presents two points on appeal: first, whether the trial court's order violated the bankruptcy's automatic stay provision of 11 U.S.C. § 362(a); second, whether Appellant was denied due process of law when the court dismissed the case without sending Appellant notice that the case was about to be dismissed for want of prosecution. Appellees have filed no brief.

Knolle, Livingston, & Holcomb and Randell W. Livingston, Jr., Austin, for Appellant.

Perdue, Brandon, Fielder, et al., and Joseph T. Longoria, Houston, for Appellee.

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

In 1996, Appellant Montgomery Ward & Co., Inc. sued Appellees Denton County

## THE AUTOMATIC STAY

Appellant argues that the dismissal for want of prosecution violated the automatic stay provision of 11 U.S.C. § 362(a)(1) which forbids "the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy case], or to recover a claim against the debtor that arose before the [bankruptcy case]." 11 U.S.C. § 362(a)(1) (1993). "Against the debtor"

means that Congress intended only to stay suits filed against bankrupt debtors, not suits filed by bankrupt debtors. *See McMillan v. MBank Fort Worth, N.A.,* 4 F.3d 362, 366 (5 th Cir.1993).

■ To determine whether the commencement or continuing of a proceeding or action is "against the debtor," we examine the original posture of the case at the initial proceeding. *See id.; Hill v. Heritage Resources, Inc.,* 964 S.W.2d 89, 121 (Tex.App.–El Paso 1997, pet. denied); *Thiel v. Thiel,* 780 S.W.2d 930, 930 (Tex. App.—San Antonio 1989, no writ); *Mosaga, S.A. v. Baker & Botts,* 780 S.W.2d 3, 4 n. 2 (Tex.App.—Eastland 1989, no writ); *Greenberg v. Fincher & Son Real Estate, Inc.,* 753 S.W.2d 506, 507 (Tex.App.—Houston [1 st Dist.] 1988, no writ). Here, Appellees' mere *assessment* of the taxable value of Appellant's property was not the "original proceeding." Instead, the original proceeding was the suit Appellant filed as plaintiffs in the state court.

In *Freeman v. Commissioner of Internal Revenue,* 799 F.2d 1091, 1092 (5 th Cir.1986), taxpayers filed a petition in tax court for a redetermination of their federal income tax liability. The trial court dismissed it after finding that it was untimely. *See id.* Those taxpayers filed a notice of appeal, and ten days later filed Chapter 11 bankruptcy. *See id.* Without having notice of the pending bankruptcy proceedings, the appellate court in *Freeman* entered a judgment affirming the trial court's order dismissing the taxpayers' suit. *See id.* The taxpayers then argued that the appellate court's ruling was void because it violated the automatic stay provision of section 362(a)(1). *See id.* The court rejected that argument and determined that the initial proceeding, the tax suit, was brought *by* the debtors and was not a suit "against" them. *See id.* at 1093; *see also Hill,* 964 S.W.2d at 121 (holding

that the automatic stay of section 362(a)(1) does not apply to a bankrupt debtor who filed suit alleging multiple tort and breach of contract claims); *Thiel,* 780 S.W.2d at 930 (noting that section 362(a)(1) does not apply to an appeal from a proceeding initiated by a bankrupt debtor); *Mosaga,* 780 S.W.2d at 4 n. 2 (explaining that appeal was not stayed because bankrupt debtor was plaintiff in the trial court)).

Here, Appellant initiated the suit, which is not an "action or proceeding against the debtor." 11 U.S.C. § 362(a)(1). Accordingly, the automatic stay did not prohibit the trial court from dismissing Appellant's case for want of prosecution. We overrule point one.[1]

## DUE PROCESS OF LAW

■ Texas trial courts must give adequate notice before entering an order dismissing a litigant's suit for want of prosecution. *See* TEX.R. CIV. P. 165a.1. ("Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record...."); *Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex.1999); *Hubert v. Illinois State Assistance Comm'n,* 867 S.W.2d 160, 163 (Tex. App.—Houston [14 th Dist.] 1993, no writ). Failure to provide notice deprives the litigant of the right to be heard, and is a denial of due process under the Fourteenth Amendment requiring reversal. *See Villarreal,* 994 S.W.2d at 630; *Hubert,* 867 S.W.2d at 163.

The Texas Supreme Court has held that where a dismissal for want of prosecution is challenged on due process grounds, notice may consist of either notice of the trial court's intent to dismiss or notice of the actual order of dismissal. *See Harris County v. Miller,* 576 S.W.2d 808, 810 (Tex.1979); *Jimenez v. Transwestern Property Co.,* 999 S.W.2d 125, 128 (Tex.

---

1. Appellant also relies on 11 U.S.C. § 362(a)(3) to support his claim that the trial court's order violated the automatic stay provision. However, Appellant offers no argument or analysis to support his reliance on that sub-section. Therefore, we will not consider that argument. *See* TEX.R.APP. P. 38.1(h).

App.—Houston [14 th Dist.] 1999, no pet.); *Dickerson v. Sonat Exploration, Co.*, 975 S.W.2d 339, 341 (Tex.App.—Tyler 1998, pet. denied). Here, the record does not indicate whether notice was sent to Appellant before dismissal, but because Appellant filed an unverified motion for new trial that acknowledged the court's dismissal order,[2] we must assume Appellant at least had actual notice of the dismissal order. Because Appellant had notice of the court's order dismissing its case within the time allowed by Rule 165a.3. to file a verified motion to reinstate its case, Appellant was not denied due process of law. We overrule point two.

## CONCLUSION

Because the trial court's order did not violate the automatic stay under section 362(a)(1), and because Appellant had notice of the court's order dismissing its case within time to file a motion to reinstate, we affirm the trial court's order dismissing Appellant's case for want of prosecution.

---

**2.** Appellant filed its unverified motion for new trial on October 13, 1998. Appellant's motion for new trial does not raise the issue in which it now complains, i.e.-lack of notice. Instead, the motion only addresses the impropriety of the court's order in violation of the automatic stay.