Evanna L. **JOHNSON–SNODGRASS,**
Appellant,

v.

**KTAO, INC. and KTAO Partners, Ltd. d/b/a Arlington Oaks Office Park,**
Appellees.

No. 2–01–219–CV.

Court of Appeals of Texas,
Fort Worth.

Feb. 7, 2002.

Opinion on Denial of Rehearing En Banc
May 9, 2002.

Rehearing Overruled June 13, 2002.

Kern A. Lewis, Lewis & Hutchison, P.C., Fort Worth, James A. Shoecraft, Offices of James Shoecraft, Dallas, for appellant.

Lance E. Caughfield, Fletcher & Springer, L.L.P., Dallas, for appellee.

Panel A: HOLMAN and WALKER, JJ., and DAVID L. RICHARDS, J. (Sitting by Assignment).

## OPINION

SUE WALKER, Justice.

### I. Introduction.

Appellant Evanna L. Johnson–Snodgrass ("Snodgrass") raises four issues on appeal challenging the trial court's dismissal of her lawsuit against appellees KTAO, Inc. and KTAO Partners, Ltd. d/b/a Arlington Oaks Office Park. We will reverse.

### II. Background Facts.

Snodgrass brought suit against appellees on January 28, 2000. Appellees answered on February 17, 2000. On May 10, 2000, and on July 12, 2000, Snodgrass responded to requests for production, interrogatories, and requests for disclosure.

On January 26, 2001, the trial court issued a notice of dismissal. Snodgrass filed a motion to retain the case, and the trial court conducted a hearing on April 6, 2001. The trial court denied Snodgrass's motion to retain and dismissed her lawsuit on April 6, 2001.

Snodgrass timely filed a verified motion to reinstate. Following a hearing, the trial court denied Snodgrass's motion to reinstate. Snodgrass then perfected an appeal to this court.

### III. Issues Presented on Appeal.

In her first three issues, Snodgrass complains that the trial court erred in dismissing her lawsuit. She claims: (1) dismissal was not authorized under rule 165a because she did not fail to appear at a hearing or trial and the case was still within

the supreme court's disposition time standards; (2) dismissal was not authorized under the trial court's inherent authority because the notice of dismissal did not identify the trial court's inherent authority as a basis for dismissal; and (3) dismissal was not authorized under the trial court's inherent authority because the case was still within the supreme court's disposition guidelines and she indicated her intent and desire to continue to prosecute her case. In her fourth issue, Snodgrass asserts that the trial court erred in failing to reinstate her lawsuit.

## IV. STANDARD OF REVIEW.

A trial court's authority to dismiss a case for want of prosecution derives from two sources: rule 165a of the rules of civil procedure and the court's inherent power. TEX.R. CIV. P. 165a(1); *Lopez v. Harding*, 68 S.W.3d 78, 79 (Tex.App.-Dallas 2001, no pet.). We review a trial court's order of dismissal under either source for an abuse of discretion. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex.1997). A trial judge abuses his discretion when he acts arbitrarily or unreasonably, or without reference to guiding rules and principles. *See Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex. 1986) (op. on reh'g).

## V. ABUSE OF DISCRETION TO DISMISS UNDER RULE 165A.

Rule 165a(1) gives a court power to dismiss for want of prosecution when a party or its counsel fails to appear at a hearing or trial. TEX.R. CIV. P. 165a(1); *Maida v. Fire Ins. Exch.*, 990 S.W.2d 836, 841 (Tex.App.-Fort Worth 1999, no pet.). Neither Snodgrass nor her counsel failed to appear at a hearing or trial. Thus, dismissal based on rule 165a(1) would constitute an abuse of discretion.

Rule 165a(2) authorizes the trial court to dismiss a case for want of prosecution when it is not disposed of in accordance with the time standards prescribed by the supreme court. TEX.R. CIV. P. 165a(2); *Maida*, 990 S.W.2d at 841. The time standard governing civil jury cases, other than family law cases, encourages final disposition of the case within eighteen months from appearance date. TEX.R. JUD. ADMIN. 6, *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. F app. (Vernon 1998). Here, Snodgrass filed a written demand for a jury and paid a jury fee; thus, the eighteen-month supreme court time standard applies to her case. The dismissal order was signed thirteen months after appellees' appearance date. Because the trial court dismissed Snodgrass's lawsuit before the eighteen-month supreme court time standard had run, dismissal based on rule 165a(2) would constitute an abuse of discretion. *See Maida*, 990 S.W.2d at 842.

We sustain Snodgrass's first issue and hold that any dismissal of her suit under rule 165a constituted an abuse of discretion.

## VI. ABUSE OF DISCRETION TO DISMISS UNDER TRIAL COURT'S INHERENT AUTHORITY.

Snodgrass argues in her second issue that the trial court could not exercise its inherent authority to dismiss her suit because the dismissal notice indicated only that the case was subject to dismissal for noncompliance with the supreme court time standards. Appellees, on the other hand, argue that the dismissal notice was not limited to dismissal for noncompliance with the supreme court time standards, but also encompassed dismissal under the trial court's inherent authority. The dismissal notice, in its entirety, provides:

### NOTICE OF DISMISSAL

This case has been on the docket of this court for more than 10 months. This court desires to comply with the supreme court order of February 4, 1987, on time standards for disposition of cases. Therefore, unless the court signs an order of retention, or some final dispositiion [sic] is made on this case within thirty days, it will be dismissed for want of prosecution. (Rule 165a, Texas Rules of Civil Procedure).

■■■■■ A trial court has the inherent authority to dismiss a case that has not been diligently prosecuted. *Maida*, 990 S.W.2d at 842. However, a party must be provided with adequate notice of the trial court's intent to dismiss for want of prosecution, i.e., for failure to diligently prosecute the case, instead of for a violation of rule 165a(1) or (2). *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999); *Lopez*, at 79. Notice that a case may be dismissed for failure to appear at a hearing, as authorized by rule 165a, does not constitute adequate notice that the trial court may exercise its inherent authority to dismiss a case for want of prosecution. *Villarreal*, 994 S.W.2d at 630; *Lopez*, at 79; *Clark v. Yarbrough*, 900 S.W.2d 406, 409 (Tex.App.-Texarkana 1995, writ denied); *Goff v. Branch*, 821 S.W.2d 732, 736 (Tex.App.-San Antonio 1991, writ denied).

Nothing in the notice of dismissal before us provided Snodgrass with notice that the trial court was contemplating dismissing her lawsuit under its inherent authority for want of prosecution. The notice indicates that the trial court desires to comply with the supreme court time standards, indicating the notice of dismissal is pursuant to rule 165(2). The notice indicates that because the trial court desires to comply with the supreme court time standards,

*"therefore,"* unless the court signs an order of retention or there is a final disposition the case will be dismissed for want of prosecution. Use of the word "therefore" again ties possible dismissal to rule 165a(2). Finally, the last sentence of the notice of dismissal cites rule 165a. We hold that this notice of dismissal was not adequate to apprise Snodgrass that her lawsuit could be dismissed even if the supreme court time standards had not been violated. We sustain Snodgrass's second issue.

### VII. VIOLATION OF SNODGRASS'S DUE PROCESS RIGHTS.

■■■■■ Appellees argue alternatively that, even if the notice of dismissal did not inform Snodgrass the trial court was contemplating dismissing her lawsuit for want of prosecution under its inherent authority, Snodgrass suffered no due process violation because she was made aware at the hearing on her motion to retain that the trial court might invoke its inherent authority to dismiss her case and because the trial court conducted a subsequent hearing on her motion to reinstate. A trial court ordinarily is required to provide notice of a hearing and to conduct an oral hearing prior to dismissal. *See Villarreal*, 994 S.W.2d at 630; *Brown v. Brookshires Grocery Store*, 10 S.W.3d 351, 354–55 (Tex. App.-Dallas 1999, pet. denied). The requirements of notice and a hearing are necessary to ensure the dismissed claimant has received due process. *See Hubert v. Ill. State Assistance Comm'n*, 867 S.W.2d 160, 163 (Tex.App.-Houston [14th Dist.] 1993, no writ). Due process requires that adequate notice be given before entry of an order dismissing a suit for want of prosecution. *See Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 128 (Tex.App.-Houston [14th Dist.] 1999, no pet.). Because a failure to give such notice deprives

the party of its right to be heard by the court, the omission of such notice is a denial of due process under the Fourteenth Amendment. *Id.*

At the hearing on Snodgrass's motion to retain, the trial court verbally expressed consternation regarding the filing of Snodgrass's suit on the eve of limitations and indicated it did not feel Snodgrass had diligently pursued her lawsuit. Yet, the actual dismissal order subsequently signed by the trial court simply states that, "CAME ON TO BE HEARD on April 6, 2001 Plaintiff's Motion to Retain this case on the Court's Docket after receiving the Court's January 26, 2001 Notice of Intent to Dismiss Plaintiff's Case." The order then decrees that plaintiff's motion to retain is denied and that the case is ordered dismissed for want of prosecution.

Hence, regardless of the trial court's verbal comments at the hearing on the motion to retain, the actual order of dismissal references the January 26, 2001 notice of dismissal and orders dismissal based on that notice, a rule 165a notice, not based on the trial court's inherent authority. Accordingly, Snodgrass's case was dismissed, by the terms of the dismissal order, pursuant to rule 165a. In light of the trial court's subsequent dismissal order, we disagree with appellees' contention that the trial court's verbal comments at the hearing notified Snodgrass that her case was subject to dismissal under the trial court's inherent authority. The trial court's comments, in light of the subsequent dismissal order, did not provide Snodgrass with adequate notice that at the motion to reinstate hearing she would be required to establish diligent prosecution rather than compliance with the supreme court's time standards. Thus, Snodgrass's due process rights were violated.

Appellees also argue that the trial court's hearing on Snodgrass's motion to reinstate substitutes for or nullifies any due process deprivations she suffered as a result of the notice of dismissal informing her of possible dismissal only under rule 165a. Appellees cite *Franklin v. Sherman Independent School District,* 53 S.W.3d 398, 402–03 (Tex.App.-Dallas 2001, pet. denied); *Montgomery Ward & Co. v. Denton County Appraisal Dist* rict, 13 S.W.3d 828, 830–31 (Tex.App.-Fort Worth 2000, pet. denied); *Jimenez,* 999 S.W.2d at 128–29; and *Clark,* 900 S.W.2d at 409.

We have reviewed each of the cases cited by appellees and they do not control the present case. The plaintiffs in the cases cited by appellee received notice of the basis for the dismissal of their suit and were provided either a pre-or post-dismissal hearing to refute the stated basis for dismissal. *Compare Franklin,* 53 S.W.3d at 404 (holding that a post-dismissal oral hearing on motion to reinstate renders harmless the trial court's error in failing to hold hearing prior to dismissal under rule 165a(2) for noncompliance with the time standards promulgated by the supreme court); *Montgomery Ward & Co.,* 13 S.W.3d at 831 (holding that a litigant's receipt of an order dismissing a case under rule 165a within the time prescribed by rule 165a(3) to file a verified motion to reinstate provides due process concerning the dismissal). The distinguishing feature between those cases and the present case is that here Snodgrass was never provided adequate notice of the basis for the proposed dismissal of her lawsuit: exercise of the trial court's inherent authority to dismiss her suit for want of diligent prosecution. Because Snodgrass was never notified that the trial court was considering exercising its inherent authority to dismiss her lawsuit but was instead told in the notice of dismissal and in the dismissal order that the dismissal was initiated pur-

suant to rule 165a, she was deprived of the opportunity to intelligently refute or respond to the proposed dismissal executed under the trial court's inherent authority. *See Villarreal*, 994 S.W.2d at 629–33 (holding notice of dismissal providing only that plaintiff's case was set for dismissal on a certain date and time and that failure to be present then would result in dismissal did not provide plaintiff of adequate notice of possible dismissal under the trial court's inherent authority). Thus, Snodgrass's due process rights were violated, and we cannot agree with appellees' contention to the contrary.

## VIII. CONCLUSION.

Having sustained Snodgrass's first and second issues, holding that the trial court abused its discretion in dismissing her lawsuit under either rule 165a or under its inherent authority, we need not address her third issue raising an additional challenge to the trial court's inherent authority to dismiss her case or her fourth issue challenging the trial court's failure to reinstate her case. We reverse the trial court's judgment, remand this cause to the trial court, and order Snodgrass's lawsuit reinstated.

## OPINION ON REHEARING

■ Appellees filed a motion for en banc rehearing arguing that our opinion conflicts with this court's previous opinions in *Maida v. Fire Insurance Exchange*, 990 S.W.2d 836 (Tex.App.-Fort Worth, 1999, no pet.) and *Montgomery Ward & Co., Inc. v. Denton County Appraisal District*, 13 S.W.3d 828 (Tex.App.-Fort Worth 2000, pet. denied). Appellees contend that our holding in *Maida* and in the present opinion are in conflict because, according to appellees:

In *Maida*, the same notice from the same court as at issue was argued to

support dismissal on only two bases: the court's inherent authority; or the appellant's failure to seek the required affirmative relief. This Court rejected that analysis, and concluded that the notice did not restrict the trial court at all in its grounds for dismissal. . . . The Court went on to find that dismissal was proper under the trial court's inherent authority, *pursuant to this same notice.* (citation omitted)

In *Maida*, we did not hold that dismissal was proper under the trial court's inherent authority. To the contrary, we held: "we hold that the court abused its discretion in dismissing the case under its inherent authority, [and that] it was also an abuse to fail to reinstate a case improperly dismissed." 990 S.W.2d at 842. Moreover, in *Maida*, the dismissal order was "silent as to the reason for dismissal." *Id.* at 840. Thus, in *Maida*, we were required to "affirm on any legal theory supported by the record." *Id.* at 839–40.

Here, the trial court's dismissal order specifically referenced rule 165a as the basis for dismissal of Snodgrass's case. Thus, unlike in *Maida*, where we were required to affirm on any legal theory supported by the record, here, we were required only to determine whether the trial court abused its discretion in dismissing Snodgrass's case pursuant to rule 165a. We cannot agree with appellees' contention that our opinion conflicts in any way with our *Maida* opinion.

In *Montgomery Ward*, the appellant contended that he "was denied due process of law when the court dismissed the case without sending Appellant notice that the case was about to be dismissed for want of prosecution." 13 S.W.3d at 829. We held: "[b]ecause Appellant had notice of the court's order dismissing its case within the time allowed by Rule 165a.3, to file a verified motion to reinstate its case, Appellant

was not denied due process of law." *Id.* at 831. Hence, *Montgomery Ward* did not involve the issue of the adequacy of the notice of the basis for dismissal.

Here, however, Snodgrass's complaint on appeal was that the trial court abused its discretion in dismissing her case for want of prosecution under its inherent authority, if it did, because she was not given notice that her case was subject to dismissal under the trial court's inherent authority. Based on controlling supreme court case law, *Villarreal,* we agreed. *Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex.1999). Our opinion therefore does not conflict in any way with our *Montgomery Ward* opinion.[1]

---

1. On this date, the en banc court in a separate order denied appellees' motion for en banc rehearing.