COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-344-CV
  
  
WANDA 
LEE SMITH                                                               APPELLANT
 
V.
 
ROBERT 
D. MCKEE, SR.                                                            APPELLEE
 
 
------------
 
FROM 
THE 158TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
OPINION
 
------------
        Appellant 
Wanda Lee Smith’s bill of review suit was dismissed by the trial court for 
want of prosecution. We reverse and remand for a hearing on Appellant’s motion 
to reinstate her suit.
Background
        The 
parties were divorced in 1986. There has been substantial litigation between the 
parties since the time of their divorce. In 1995, Appellee Robert D. McKee, Sr. 
obtained a judgment against Appellant for damages. On May 25, 1999, Appellant 
filed the underlying bill of review seeking to set aside the 1995 judgment, 
claiming it was obtained by fraud committed by Appellee. On July 15, 2003, the 
trial court sent a letter to the parties notifying them of a dismissal setting 
for August 27, 2003.
        On 
August 27, 2003, a hearing was held; Appellant represented herself and Appellee 
was represented by counsel. At the conclusion of the hearing the trial court 
dismissed the lawsuit for want of prosecution; the dismissal order was signed 
that day. On September 25, 2003, Appellant timely filed a verified motion to 
reinstate the case. See Tex. R. 
Civ. P. 165a(3). On October 8, 2003, without setting the motion for a 
hearing, the trial court denied Appellant’s motion to reinstate. See id. 
On October 15, 2003, Appellant filed a motion requesting the trial court hold a 
hearing on her motion to reinstate. No hearing was held and the trial court’s 
plenary power expired on November 7, 2003.[1]  See 
id.
        In 
four issues on appeal, Appellant contends the trial court: failed to apprise her 
of its intent to dismiss for want of prosecution; should not have dismissed 
before providing Appellant an opportunity to present evidence and to explain her 
delay in prosecuting her case; and erred in failing to set a hearing on 
Appellant’s motion to reinstate. Appellant proceeded pro se in the trial court 
and is representing herself on appeal. Appellee, a licensed Texas attorney, has 
been represented by counsel throughout these proceedings, including this appeal, 
but has chosen not to file an appellee’s brief on appeal.[2] 
 Accordingly, this appeal was submitted to the court without the benefit 
of an appellee’s brief to assist the court in determining the issues raised in 
this appeal.
Trial Court’s 
Authority To Dismiss For Want Of Prosecution
        Appellant’s 
first issue asserts the trial court failed to apprise Appellant of its intent to 
dismiss for want of prosecution. A trial court's authority to dismiss for want 
of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil 
Procedure; and (2) the court's inherent power. See Villarreal v. San 
Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999); Veterans' 
Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex. 1976). A trial court may 
dismiss under Rule 165a on “failure of any party seeking affirmative relief to 
appear for any hearing or trial of which the party had notice,” or when a case 
is “not disposed of within time standards promulgated by the Supreme Court.” 
Tex. R. Civ. P. 165a(1)-(2). In 
addition, the common law vests the trial court with the inherent power to 
dismiss independently of the rules of procedure when a plaintiff fails to 
prosecute his or her case with due diligence. Villarreal, 994 S.W.2d at 
631; State v. Rotello, 671 S.W.2d 507, 508-09 (Tex. 1984).
        A 
party must be provided with notice and an opportunity to be heard before a court 
may dismiss a case for want of prosecution under either Rule 165a or its 
inherent power. See Tex. R. Civ. 
P. 165a(1) (“Notice of the court's intention to dismiss and the date 
and place of the dismissal hearing shall be sent by the clerk to each attorney 
of record, and to each party not represented by an attorney”); Villarreal, 
994 S.W.2d at 630. The requirements of notice and a hearing are necessary to 
ensure the dismissed claimant has received due process. Tex. Sting Ltd. v. 
R.B. Foods, Inc., 82 S.W.3d 644, 648 (Tex. App.—San Antonio 2002, pet. 
denied); Franklin v. Sherman Indep. Sch. Dist., 53 S.W.3d 398, 401 (Tex. 
App.—Dallas 2001, pet. denied). The failure to provide adequate notice of the 
trial court's intent to dismiss for want of prosecution requires reversal. Villarreal, 
994 S.W.2d at 630-31.
Standard Of 
Review
        We 
review a dismissal for want of prosecution under a clear abuse of discretion 
standard. MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997); Rotello, 
671 S.W.2d at 509. A trial court abuses its discretion when it acts arbitrarily 
or unreasonably, or without reference to guiding rules and principles. Downer 
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. 
denied, 476 U.S. 1159 (1986); Johnson-Snodgrass v. KTAO, Inc., 75 
S.W.3d 84, 87 (Tex. App.—Fort Worth 2002, pet. dism’d).
Notice Of 
Intent To Dismiss For Want Of Prosecution
        On 
July 15, 2003, the trial court sent the parties the following letter:
 
TO: 
ALL ATTORNEYS/PRO SE PARTIES ON ATTACHED DISMISSAL DOCKET
 
RE: 
See attached list of cases.
 
NOTICE OF NON-JURY DISMISSAL SETTING

THIS 
SETTING IS ON THE COURT’S MOTION IN RESPONSE TO TIME STANDARDS FOR DISPOSITION 
OF CASES BY THE DENTON COUNTY COURT RULES FOR DISTRICT COURTS.

The 
above-referenced cause has been placed on the Court’s Docket for dismissal on 
AUGUST 27, 2003, at 8:30 a.m. At this time, the attorneys are expected to 
present a completed Scheduling Order to be approved by the Judge. Scheduling 
Orders will not be accepted by 
mail or by clients’ submission.

A 
Scheduling Order needs to be entered with the following information:
 
1)Schedule 
for Discovery;
2)A 
( ) blank for a Pre-Trial Date, 
or a statement that a Pre-Trial will not be necessary;
3)A 
( ) blank for a Trial Date and 
expected length of trial;
4)A 
list of your Proposed Expert Witnesses along with the witnesses’ addresses, 
telephone numbers and area of expertise. Any expert witness not listed shall not 
be allowed to be called as a witness.;
5)SIGNATURE OF ALL CLIENTS!!
 
Plaintiff’s/Petitioner’s 
failure to appear on this date will result in the case being dismissed for want 
of prosecution. There will be NO CONTINUANCES of this setting!
 
 
        Both 
parties appeared at the August 27, 2003 hearing, after which the trial court 
signed the following order:
 
On 
the 27th day of August, 2003, the above styled and numbered cause having been 
reached on the Court’s Dismissal Docket and no announcement having been 
made, it is the opinion of the Court that the cause of action filed in this 
cause should be dismissed for want of prosecution.

IT 
IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the cause of action filed in 
the above styled and numbered cause be and is hereby dismissed. [Emphasis 
added.]
 
 
Denton County Court Rules
        Rule 
1.123 of the “Uniform Rules Of Court For The District And Statutory County 
Courts Of Denton Co.,” in effect at the time of Appellant’s dismissal 
hearing, provided that civil non-jury cases “should be concluded within 12 
months from appearance date.”[3] Additionally, Rule 
1.7 of the “Administrative Rules For The Courts Within Denton County, Texas” 
contained identical language regarding disposition of civil non-jury cases.[4]
Adequacy Of 
Notice Of Intent To Dismiss
        The 
trial court’s dismissal notice states that the August 27, 2003 setting is in 
response to time standards for disposition of cases in Denton County district 
courts. The dismissal notice then specifies that attorneys “are expected to 
present a completed Scheduling Order” to be approved by the judge. Lastly, the 
dismissal notice states that plaintiff’s “failure to appear on this date 
will result in the case being dismissed for want of prosecution.”
        This 
is clearly notice to Appellant that the trial court will dismiss her case 
pursuant to Rule 165a(1) if she fails to appear at the August 27, 2003 hearing. 
It is undisputed that Appellant was present at the hearing, as reflected in the 
court reporter’s transcription of the hearing. Therefore, although the trial 
court’s dismissal order recites that “no announcement” was made at the 
hearing, if the trial court dismissed Appellant’s case under Rule 165a(1) for 
Appellant’s failure to appear at the August 27, 2003 hearing, this would 
constitute an abuse of discretion.
        The 
trial court’s dismissal notice also places Appellant on notice that the case 
is set on the court’s dismissal docket in response to time standards for 
disposition of cases in Denton County, that is, the Denton County local rule 
that non-jury cases should be concluded within twelve months from appearance 
date.[5] The notice informs the parties that the case 
is set for dismissal on August 27, 2003, and tells the attorneys and pro se 
litigants that they are expected to present a completed scheduling order at the 
dismissal hearing. The question we must decide is whether the trial court’s 
dismissal notice provided notice to Appellant that her case would be dismissed 
under the trial court’s inherent power to dismiss independently of Rule 165a 
of the Texas Rules of Civil Procedure when a plaintiff fails to prosecute his or 
her case with due diligence.
        In 
support of her contention that she did not receive proper notice of the 
court’s intent to dismiss under its inherent power, Appellant relies upon the 
supreme court’s holding in Villarreal. 994 S.W.2d at 631-33. In that 
case, the trial court’s dismissal notice stated the case was set for dismissal 
and the party is “requested to be present and make your announcement. If no 
announcement is made, this cause will be dismissed for want of prosecution.” Id. 
at 629. The supreme court held that this provided the parties sufficient notice 
that the case would be dismissed under Rule 165a(1) if they failed to appear at 
the hearing, but did not provide notice of the trial court’s intent to dismiss 
pursuant to its inherent power to do so. Id. at 632-33.
        We 
find Villarreal to be factually distinguishable from the instant case in 
which the trial court’s notice of dismissal specifically informed Appellant 
that the case was set for dismissal on August 27, 2003 in response to the 
court’s standards for disposition that required civil non-jury cases be 
disposed of within twelve months from appearance date. While the trial court’s 
dismissal notice is not a model of clarity,[6] it is 
sufficient to apprise Appellant of the court’s intention to dismiss her case 
pursuant to the court’s inherent power to do so for failure to diligently 
prosecute her case.[7]  We hold that the trial 
court provided adequate notice to Appellant of the court’s intent to dismiss 
for want of prosecution under its inherent power. Accordingly, we overrule 
Appellant’s first issue.
Failure To 
Permit Appellant To Explain The Delay In Prosecution
        In 
her second issue, Appellant claims the trial court should not have dismissed for 
want of prosecution without providing her an opportunity to present evidence and 
to explain her delay in prosecuting the case. The trial court held a hearing on 
August 27, 2003 at which time the court afforded Appellant an opportunity to 
explain why the case should not be dismissed for want of prosecution because of 
Appellant’s failure to prosecute her case with due diligence. Accordingly, we 
overrule Appellant’s second issue.
Failure To Hold 
A Hearing On Motion To Reinstate
        Appellant’s 
third and fourth issues assert the trial court erred in failing to hold a 
hearing on her motion to reinstate her case. Appellant timely filed a verified 
motion to reinstate, and a request for a hearing on the motion. Rule 165a(3) 
provides:
 
The 
clerk shall deliver a copy of the motion to the judge, who shall set a 
hearing on the motion as soon as practicable. The court shall notify all 
parties or their attorneys of record of the date, time and place of the hearing.

The 
court shall reinstate the case upon finding after a hearing that the failure of 
the party or his attorney was not intentional or the result of conscious 
indifference but was due to an accident or mistake or that the failure has been 
otherwise reasonably explained.
 
 
Tex. R. Civ. P. 165a(3) (emphasis 
added). The same reinstatement procedures and timetable are applicable to all 
dismissals for want of prosecution, including cases that are dismissed pursuant 
to the court’s inherent power. Tex. R. 
Civ. P. 165a(4). It is not within the discretion of the trial court to 
fail to hold an oral hearing on a timely-filed, properly verified motion to 
reinstate. Thordson v. City of Houston, 815 S.W.2d 550, 550 (Tex. 1991); see 
Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr., 754 S.W.2d 152, 153 (Tex. 1988) 
(affirming court of appeals’ holding that trial court abused its discretion in 
failing to hold hearing on motion to reinstate).[8]  
We hold that the trial court abused its discretion in failing to hold a hearing 
on Appellant’s timely-filed, verified motion to reinstate.[9]  
Appellant’s third and fourth issues are sustained.
Conclusion
        We 
reverse the judgment of the trial court and remand this cause to the trial court 
for a hearing on Appellant’s motion to reinstate.
 
  
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE
 
 
PANEL 
B:   DAUPHINOT, HOLMAN, and GARDNER, JJ.
DELIVERED: 
July 15, 2004


NOTES
1.  
On November 13, 2003, Appellant filed an amended motion to reinstate. On 
November 24, 2003, the trial court held a hearing on Appellant’s request to 
reinstate. On November 26, 2003, Appellant objected to the court ruling on her 
amended motion to reinstate, stating the court had lost jurisdiction to grant or 
deny the motion. On December 8, 2003, the court signed an order denying 
Appellant’s amended motion to reinstate. Because the trial court had already 
lost plenary jurisdiction at the time it held the hearing and signed the order 
denying the amended motion to reinstate, all proceedings that occurred after 
November 7, 2003 are void and will not be considered a part of the record in 
this appeal. See Emerald Oaks Hotel/Conference Ctr., Inc. v. Zardenetta, 
776 S.W.2d 577, 578 (Tex. 1989) (orig. proceeding) (holding trial court's 
plenary power over its judgment of dismissal ends 105 days after the order of 
dismissal, and order of reinstatement must be signed during this period); In 
re Dickason, 987 S.W.2d 570, 570-71 (Tex. 1998) (orig. proceeding) (holding 
trial court order signed after expiration of plenary period is void); Walker 
v. Harrison, 597 S.W.2d 913, 915 (Tex. 1980) (orig. proceeding) (“This 
court has repeatedly held that the time limits provided in rule 165a are 
mandatory and jurisdictional and that orders of reinstatement entered after 
their expiration are void.”).
2.  
Through counsel, Appellee previously filed a motion to abate this appeal and 
remand the case to the trial court for a hearing on Appellant’s motion to 
reinstate. Appellee requested this court take this action in the interest of 
“judicial economy,” without citing any authority that would permit the 
abatement procedure. Appellant objected to the proposed procedure, stating it 
would violate her due process right to have this court review the 
appropriateness of the trial court’s order dismissing her case for want of 
prosecution. This court denied Appellee’s motion.
        Appellee 
subsequently filed a motion to dismiss for mootness and a motion for sanctions. 
Appellee contended that when he notified this court that he did not object to 
the remand for a hearing on Appellant’s motion to reinstate, this made the 
appeal moot because the controversy between the parties ceased to exist. 
Accordingly, Appellee argued that further prosecution of this appeal by 
Appellant was frivolous, and Appellee should be awarded damages. Appellant 
responded by seeking sanctions for Appellee’s actions on appeal. On April 6, 
2004, this court denied both parties’ motions.
3.  
Denton County (Tex.) Ct. Loc. Unif. R. 
1.123 (effective Mar. 1, 1994; repealed May 4, 2004), available at <http://dentonbar.com/rules/lrules.htm>. The 1994 version of the Denton County Uniform Rules of 
Court was repealed well after the August 27, 2003 dismissal hearing in the 
instant case. We note that the recently-enacted version contains a new section 
entitled “Rule 2.7: Dismissal for Want of Prosecution and Status 
Conferences” which specifies in detail the reasons a case may be dismissed for 
want of prosecution. Denton County (Tex.) 
Ct. Loc. Unif. R. 2.7 (effective May 4, 2004), available at <http://www.co.denton.tx.us/dept/District_Clerk/Acrobat/Uniform_Rules_05_2004.pdf>.  
However, Rule 2.7 is not relevant to this appeal inasmuch as it was not in 
effect on August 27, 2003.
4.  Denton County 
(Tex.) Ct. Loc. Admin. R. 1.7, available at <http://dentoncounty.com/dept/main.asp?Dept=26&Link=71>.
5.  The trial court’s dismissal notice does not mention 
dismissing for want of prosecution because of non-compliance with the time 
standards promulgated by the Texas Supreme Court. See Tex. R. Civ. P. 165a(2).
6.  In Villarreal, the dissent suggested that the Bexar 
County District Clerk’s office consider rewriting its standard notice of 
intent to dismiss to include the phrase, ”The trial court is invoking its 
inherent power to dismiss this case for want of prosecution.” 994 S.W.2d at 
635 (Enoch, J., dissenting).
7.  But cf. Johnson-Snodgrass, 75 S.W.3d at 89 
(holding notice of dismissal pursuant to Rule 165a(2) did not provide notice to 
plaintiff of trial court’s intent to dismiss under inherent power).
8.  But cf. Rainbow Home Health, Inc. v. Schmidt, 76 
S.W.3d 53, 57 (Tex. App.—San Antonio 2002, pet. denied) (holding that although 
motion to reinstate requested a hearing on the motion, appellant did not 
properly notify trial court of request for a hearing when appellant never filed 
a fiat, sent a letter, or made some other communication to the trial court 
requesting a hearing on the motion). In the instant case, Appellant’s motion 
to reinstate requested a hearing, and within the court’s plenary period, 
Appellant filed a separate motion requesting a hearing on her motion to 
reinstate.
9.  We express no opinion whatsoever upon the merits of 
Appellant’s motion to reinstate her lawsuit. That issue is not before us in 
this appeal.