

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00216-CV

_____

WILLIAM RAINEY, Appellant

V.

BRANDON SANDERS, Appellee

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-300703-18

Before Kerr, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. Introduction

This is an appeal from an order dismissing Appellant William Rainey's pro se identity-theft suit for want of prosecution. The trial court dismissed the suit after Rainey failed to comply with its dismissal-notice instructions and did not appear at the dismissal hearing. Although Rainey timely filed a motion to reinstate, it was denied by operation of law. *See* Tex. R. Civ. P. 165a(3). On appeal, Rainey raises two issues challenging the trial court's (1) dismissal of his case in light of his incarceration and multiple requests to appear by alternate means and (2) the trial court's failure to rule on the merits of his petition. Because the trial court abused its discretion by dismissing the suit for want of prosecution, we reverse and remand.

### II. Background

In July 2018, Rainey filed a pro se "Plaintiff's Original Petition and Request for Disclosure" seeking damages from Brandon Sanders pursuant to the Texas Theft Liability Act. Tex. Civ. Prac. & Rem. Code Ann. §§ 134.001–.005. Rainey noted that the petition was "being resent/resubmitted" because the original had been lost and that he had served the original document on Sanders "and/or his estate, partnership[,] and known associations or d.b.a owned in whole or in part" on June 8, 2015, via certified mail. However, Rainey's petition also requested that "the Court serve the Defendant if necessary."

In August 2018, Rainey filed a "Motion for Service or Summons and Notice," in which he noted that "[o]n or about June 8, 2018[,] a certified copy of Plaintiff's suit for damages was delivered to and signed by: J Sanders on behalf of Brandon Wayne Sanders." He also noted that he "is an indigent inmate unable to afford an attorney and has requested to proceed in forma pauperis." He once again asked the court to "SERVE and SUMMON[,] or ORDER to be served and summoned," Sanders.

In May 2019, Rainey sent a letter to the Tarrant County District Clerk with two accompanying motions. In the cover letter, he wrote, "Pursuant to Texas Rules of Civil Procedure Rule 99, as [I] understand it, I respectfully request that your office [i]ssue [a] [c]itation upon Brandon Wayne Sanders pursuant to the laws of the State of Texas." Rainey provided the same address for Sanders to which he had purportedly sent the petition via certified mail. Two documents were filed the same day: (1) a Motion for Service and Citation, in which Rainey requested service of citation under Rule 103, or alternatively Rule 109, and (2) an Application to Proceed in Forma Pauperis,[1] signed under penalty of perjury. *See id.* § 132.001(a), (e); *see also* Tex. R. Civ. P. 145.

---

[1]The record does not contain a responsive motion seeking to require Rainey to pay costs. *See* Tex. R. Civ. P. 145(e). On the filing of a sworn Statement of Inability to Afford Payment of Court Costs, the clerk must "docket the case, issue citation, and provide any other service that is ordinarily provided to a party." Tex. R. Civ. P. 145(c)(3).

In November 2019 and October 2020, Rainey filed motions for summary judgment. In the first motion, he sought as alternative relief a hearing to determine whether there was a "[n]eed for summons." In the second, he again referenced the June 8, 2019 receipt of the certified mailing of the suit by "J. Sanders" and sought judgment for $3,936.07 in damages.

Beginning in February 2023, the suit was placed on the trial court's dismissal docket several times. The first dismissal notice is dated February 10, 2023, and warned of a possible dismissal for want of prosecution if Rainey did not either (1) submit an agreed, signed scheduling order and a Motion and Order to Retain no later than March 9, 2023, or (2) appear at a hearing on March 16, 2023, to present an Agreed Scheduling Order and Motion and Order to Retain. The notice was mailed to Rainey—with his CID number[2] listed—to the Iowa Park street address that Rainey had listed in his previous filings.[3] Rainey did not file a scheduling order in accordance with the notice's instructions, nor did he appear at the scheduled March 16, 2023 hearing, and the trial court dismissed the suit for want of prosecution.

---

[2]CID stands for criminal identification number, which is a unique number assigned to an incarcerated person. *See, e.g.*, *Davis v. State*, No. 02-16-00102-CR, 2017 WL 370953, at *2 (Tex. App.—Fort Worth Jan. 26, 2017, no pet.) (mem. op., not designated for publication).

[3]The Iowa Park street address is the same address listed on the trial court's docket sheet. No other address is listed on the trial court's docket sheet. In his Application to Proceed in Forma Pauperis, Rainey indicated that he was housed in the Allred Unit.

Rainey then filed an Omnibus Pretrial Motion, which was file-stamped March 21, 2023, but had been signed by Rainey on February 27, 2023. In a section entitled "Motion to Order and Retain,"[4] Rainey indicated that he had tried to serve Sanders via Judd Sanders's[5] acceptance of the petition by certified mail. Rainey noted that the court had been "made aware of th[is] fact[]" and asked that "the Court . . . take judicial notice of [his] Motion for Summons, Summary Judg[]ment, Mandamus[,] et al."[6] In the prayer, Rainey requested "aid and assistance in locating, communicating with, and/or resolving these matters," and he objected to the suit's being dismissed. Rainey also included a scheduling order noting the applicable date for all categories—

---

[4]Rainey also included a section entitled "Motion for Appointment of Attorney or Veterans Advocate." On a handwritten order accompanying the motion, the trial court did not check either grant or deny next to "Plaintiff's Motion for Appointment"; instead, an initialed note is handwritten next to this line, but it is unclear what that note says.

[5]According to Rainey, Judd Sanders is Sanders's father.

[6]The record does not show that Sanders has ever been served with citation according to Rule 99. *See* Tex. R. Civ. P. 99(a), (d) (providing that "[u]pon the filing of the petition, the clerk, when requested, shall forthwith issue a citation and deliver the citation as directed by the requesting party"; noting that "[t]he party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition"; and also requiring "a party filing any pleading upon which citation is to be issued and served" to "furnish the clerk with a sufficient number of copies thereof for use in serving the parties to be served"); *see also* Tex. R. Civ. P. 103 ("Service by registered or certified mail and citation by publication must, if requested, be made by the clerk of the court in which the case is pending."). A party himself may not effect service of process. *See id.*

except for joinder, which he left blank—as "NLT 31 May23."[7] The trial court did not expressly rule on the motion, but on the same day, it signed Rainey's scheduling order[8] and an order vacating the dismissal.

On November 17, 2023, the trial court signed a second notice warning that the suit had been placed on its dismissal docket for December 19, 2023. The notice was again sent to Rainey at the Iowa Park street address noted on the trial court's docket.

On December 15, 2023, Rainey filed a "Plaintiff[']s Objection to Dismissal." Under a subheading entitled "The Existence of Reasonable Excuses for [D]elay," he wrote, among other things, that he is "an incarcerated veteran serving a life sentence in TDCJ"; that he had been denied his request for the appointment of counsel; that he was "unable to access the 'Zoom' meeting absent an extra-ordinary ORDER directing TDCJ to comply and provide access to said meeting or an ORDER commanding TDCJ to transport the Plaintiff to a hearing or trial on the merits"; and that Sanders had "impe[]ded the prosecution by his or his heirs['] failure to respond to certified mail, discovery[,] or the suit in general."[9] The return envelope in the record

---

[7]NLT is a commonly used abbreviation for "no later than." *NLT*, Webster's Third New Int'l Dictionary (2002).

[8]It is unclear why the trial court signed a scheduling order when Sanders had neither made an appearance nor been served according to the Texas Rules of Civil Procedure.

[9]Rainey also included a section entitled "Motion to Compel and Motion for Summary Judg[]ment," in which he requested that the trial court conduct a summary-judgment hearing "by conference call, if necessary."

has a different address from the Iowa Park street address listed on Rainey's previous filings and on the trial court's docket sheet; the new address was for the Allred Unit via a post-office-box number in Dallas. The trial court did not sign a dismissal order after receiving Rainey's objection.

Also on December 15, 2023, Rainey filed a "Plaintiff's Original Petition for Declaration of Identity Theft and Summary Judg[]ment." In this petition, Rainey again alleged that Sanders had used his personal identifying information without authorization. But in this petition, Rainey did not ask for relief under the Texas Theft Liability Act; instead, he pleaded for a declaration that he had been a victim of identity theft and for damages under Section 521.101 of the Texas Business and Commerce Code. Tex. Bus. & Com. Code Ann. § 521.101 (allowing a person whose personal identifying information has been misused or improperly possessed under Business and Commerce Code Section 521.051 to seek a declaration from a district court that he or she has been a victim of identity theft). In his prayer, Rainey asked that Sanders "be cited and ordered to appear and answer"; Rainey also again sought the appointment of counsel to represent him. On this petition, Rainey listed his mailing address as the Iowa Park street address that he had used in most of his previous filings.

On March 21, 2024, the trial court signed another notice of dismissal indicating that Rainey's suit had been placed on the April 24, 2024 Zoom-dismissal-hearing docket. The notice was mailed to Rainey at the Allred Unit P.O. Box number in

Dallas. On April 24, 2024, the trial court signed an order dismissing Rainey's suit for want of prosecution.[10]

On May 13, 2024, Rainey filed a notice with the clerk that "[e]ff. immediately all legal mail should be sent to" the original Iowa Park street address "due to [a] TDCJ policy change." He also asked that the clerk "bring the enclosed filings to the Court[']s attention." He listed the enclosed documents as a reinstatement motion and a motion to compel.[11] Included in the notice is a section entitled "Motion for Hearing by 'Conference Call,'" in which Rainey moved, "pursuant to Rule 165a," for the "court to schedule" a hearing "by calling the TDCJ law library Iowa Park."

In his "Pro Se Motion For Reconsideration Reinstatement or, in the alternative Notice of Appeal,"[12] Rainey stated that he did not receive the trial court's March 21, 2024 dismissal notice until May 2, 2024, "due in part to TDCJ's mailing policy changes." He explained that he did not appear because he is incarcerated and "is not

---

[10]The trial court's docket sheet notes, "FTA," which is a common abbreviation for "[f]ailure to appear." *FTA*, Black's Law Dictionary (12th ed. 2024).

[11]The motion to compel sought sanctions and mandamus relief against Sanders, his father, or both for failing to file an answer to the suit and for failing to answer discovery.

[12]The District Clerk forwarded this document to this court as Rainey's notice of appeal. In July 2024, Rainey filed an amended Notice of Restricted Appeal. But because Rainey timely filed his reinstatement motion, a restricted appeal is not available to him. *See* Tex. R. App. P. 30; *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020). Nevertheless, for the same reason, his initial appeal was timely, so we may consider the merits of his dismissal challenge. *See* Tex. R. App. P. 26.1(a)(3); *E.H.*, 602 S.W.3d at 495.

permitted" to appear by Zoom "absent a [b]ench [w]arrant or other" court order "except for a hearing scheduled through TDCJ." Rainey also pointed out that he had filed "numerous motions" with the court. He asked the trial court to take judicial notice of his incarceration. The trial court did not rule on the motion, and it was overruled by operation of law. *See* Tex. R. Civ. P. 165a(3).

## III. Discussion

In his first issue, Rainey argues that the trial court abused its discretion by dismissing his appeal after the third notice because he had previously requested to appear by alternate means due to his incarceration. Rainey also contended that he did not receive the third dismissal notice in time to comply by filing a scheduling order because although the Texas Department of Criminal Justice had changed its method of delivering mail prior to the third notice's being sent, it had changed back to the old policy by the time the third notice was sent; he claims he did not receive the dismissal notice until May 2, 2024, after the dismissal hearing had occurred and the dismissal order had been signed. But he further contends that, regardless of when he received the notice, he still could not have complied by attending the Zoom meeting without a court order authorizing TDCJ to secure his presence by alternate means.

### A. Standard of Review

We review a trial court's dismissal for want of prosecution for an abuse of discretion. *Ex parte J.C.*, No. 02-20-00303-CV, 2021 WL 3679238, at *2 (Tex. App.—Fort Worth Aug. 19, 2021, no pet.) (mem. op.); *Sellers v. Foster*, 199 S.W.3d 385, 390

9

(Tex. App.—Fort Worth 2006, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995).

## B. Trial Court's Authority to Dismiss for Want of Prosecution

A trial court derives its authority to dismiss a suit for want of prosecution from two independent sources: (1) Texas Rule of Civil Procedure 165a and (2) a trial court's inherent power to maintain and control its own docket. *See* Tex. R. Civ. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Under Rule 165a, a trial court may dismiss a case based on either the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice" or the case's failure to be "disposed of within time standards promulgated by the Supreme Court." Tex. R. Civ. P. 165a(1), (2). Under common law, a trial court has the inherent power to dismiss a suit independently of the procedural rules when a plaintiff fails to prosecute his case with due diligence. *Villarreal*, 994 S.W.2d at 630. Each of these three dismissal grounds—Rule 165a(1), Rule 165a(2), and inherent authority—provides an independent basis on which a trial court may dismiss a case for want of prosecution. *Rasco v. Ducars Inv., LLC*, No. 02-21-00375-CV, 2022 WL 4373499, at *2 (Tex. App.—Fort Worth Sept. 22, 2022, no pet.) (mem. op.).

10

When the dismissal order does not specify the grounds for dismissal, an appellant must address all possible grounds on which the dismissal could have been based. *See, e.g.*, *id.* at \*3. However, not all three possible grounds for dismissal for want of prosecution apply in every case. *Id.* at \*2; *see also Pollefeyt v. Tex. Health Res.*, No. 02-19-00260-CV, 2020 WL 1888870, at \*4 (Tex. App.—Fort Worth Apr. 16, 2020, no pet.) (mem. op.) (reviewing possible grounds on which initial dismissal could have been appropriate).

## C. The Trial Court's Dismissal Notice and Order

To determine the possible dismissal grounds in a particular case, we must examine both the trial court's dismissal notice and the dismissal order. *Id.*

Here, the trial court's final dismissal notice read as follows and did not reference a particular dismissal ground:

> IT IS HEREBY ORDERED that, pursuant to TRCP 165a, the following cases will be dismissed for want of prosecution on **April 24th, 2024 at 2:30 pm,** in the 96th District Court located at 100 North Calhoun Street, 4th Floor, Fort Worth, Texas. The Zoom link for this hearing is below.

> IT IS FURTHER ORDERED that unless prior thereto an Agreed Scheduling Order incorporating a trial date *(and signed by all attorneys and pro se parties)* is filed with the court along with a Motion and Order to Retain **no later than 5:00 pm April 19th, 2024** the parties must appear via [Z]oom on **April 24th**, **2024 at 2:30 p.m.** to present an Agreed Scheduling Order and Motion and Order to Retain. If no action is taken, the case, in its entirety, will be dismissed for want of prosecution.

The Zoom meeting's date and time, as well as the website's meeting-link information, followed.

11

The trial court's April 24, 2024 dismissal order was short:

> On <u>April 24th, 2024</u>, the Court considered the above-referenced case and determined that the case should be dismissed for want of prosecution.
>
> IT IS THEREFORE ORDERED that this cause be and is hereby dismissed with the costs taxed against the party incurring.

Although the dismissal order did not state the particular grounds on which it was based, the trial court's dismissal notice references only Rule 165a as the potential basis for dismissal; thus, it did not provide notice that the trial court might dismiss the suit pursuant to its inherent authority. *See, e.g.*, *Villarreal*, 994 S.W.2d at 632; *Parnell v. Parnell*, No. 2-09-270-CV, 2010 WL 2331411, at *2 (Tex. App.—Fort Worth June 10, 2010, no pet.) (mem. op.); *Johnson-Snodgrass v. KTAO, Inc.*, 75 S.W.3d 84, 88 (Tex. App.—Fort Worth 2002, pet. dism'd). And a dismissal pursuant to Rule 165a(2) would have been improper because the Texas Supreme Court's administrative time standards run from an "appearance date," and Sanders has not yet made an appearance in the case. *See* Tex. R. Jud. Admin. 6.1(a); *Roberts v. Roberts*, No. 02-19-00223-CV, 2020 WL 6788194, at *2 (Tex. App.—Fort Worth Nov. 19, 2020, no pet.) (mem. op.); *Pollefeyt*, 2020 WL 1888870, at *4. Thus, we must determine whether the trial court properly dismissed the suit pursuant to Rule 165a(1). *See J.C.*, 2021 WL 3679238, at *2.

### D. Improper Dismissal for Failure to Appear

"It is well-established that litigants cannot be denied access to the courts simply because they are inmates." *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003); *Parnell*, 2010 WL 2331411, at *3. "[I]t is fundamentally unfair to order an inmate to appear at a mandatory dismissal hearing, ignore his request to appear by an alternative method, and then dismiss the case because the inmate failed to appear." *Vandergriff v. Kinsey*, No. 09-20-00295-CV, 2022 WL 15446760, at *2 (Tex. App.—Beaumont Oct. 27, 2022, no pet.) (mem. op.); *Gamboa v. Alecio*, 604 S.W.3d 513, 515 (Tex. App.— Houston [14th Dist.] 2020, no pet.); *In re R.C.R.*, 230 S.W.3d 423, 427 (Tex. App.— Fort Worth 2007, no pet.).

Rainey relies on this court's decision in *J.C.*, in which we held that the trial court had abused its discretion by dismissing an inmate's expunction petition for want of prosecution under Rule 165a(1) when the inmate had "clearly notified the court that he was incarcerated and requested to attend any hearings by phone." 2021 WL 3679238, at *2. In *J.C.*, the trial court's dismissal notice—like the dismissal notice in this case—did not provide any information about how to join the Zoom meeting by phone; it gave only the Zoom website's meeting-link information. *Id.* at *1. In light of *J.C.*'s multiple requests to appear by alternate means—that the trial court had never ruled on—we held that the trial court abused its discretion by dismissing J.C.'s expunction suit for failure to appear at a Zoom meeting of which he had notice. *Id.* at *2; *cf. Roberts*, 2020 WL 6788194, at *3 (noting that, on facts of that case, even if the

13

appellant's response to the trial court's dismissal notice had not expressly asked to appear by alternate means, "the trial court was aware of his inmate status from his earlier filings").

The same principle applies here. Rainey had notified the trial court that because he was incarcerated, he could not attend a Zoom hearing without a court order or without the court's assistance to facilitate his appearance with TDCJ. The trial court impliedly denied Rainey's request to appear by alternate means or pursuant to a court order directing TDCJ to allow him to attend a Zoom meeting. *See In re Stanton*, No. 02-21-00224-CV, 2022 WL 714584, at *3, *6 (Tex. App.—Fort Worth Mar. 10, 2022, no pet.) (mem. op.).[13] Yet the trial court dismissed Rainey's suit solely for his failure to appear without providing him a means to appear.

---

[13]In *Stanton*, this court held that the pro se incarcerated appellant had failed to show that the trial court erred by dismissing his case when he had failed to address the *Z.L.T.* factors for assessing whether a trial court abused its discretion by denying an inmate's request to appear by alternate means. *Id.* at *5–7 (citing *Z.L.T.*, 124 S.W.3d at 165–66). *Stanton* is distinguishable from these facts because the trial court's dismissal notice in that case warned that it could dismiss under any of the three possible grounds—Rule 165a(1), Rule 165a(2), and the trial court's inherent authority. *Id.* at *2, *6 (relying on *Delgadillo v. Bandera Auto Sales*, cited below, and noting, "Stanton's bench-warrant request contains no information by which the trial court could assess the necessity of Stanton's appearance at the dismissal hearing."); *see also Brown v. Sanders*, No. 02-21-00212-CV, 2022 WL 2071782, at *3 (Tex. App.—Fort Worth June 9, 2022, no pet.) (mem. op.) (providing that same dismissal notice "sufficed to notify the parties that the trial court intended to dismiss the case on all three independent grounds"); *Delgadillo v. Bandera Auto Sales*, No. 04-19-00536-CV, 2020 WL 2858814, at *1, *3 (Tex. App.—San Antonio June 3, 2020, no pet.) (mem. op.) (addressing dismissal based on notice "stating that the underlying case had been pending for an extended period of time, had not been prosecuted, and would be dismissed for want of prosecution unless Delgadillo showed 'good and sufficient

14

Accordingly, we hold that the trial court abused its discretion by dismissing Rainey's suit for want of prosecution. *See, e.g., J.C.*, 2021 WL 3679238, at *2; *Parnell*, 2010 WL 2331411, at *4. We sustain Rainey's first issue. Because by sustaining Rainey's first issue, we must remand the case, we need not address his second issue alleging that the trial court erred by not ruling on the merits of Rainey's petition. *See* Tex. R. App. P. 47.1; *J.C.*, 2021 WL 3679238, at *2 n.2.

## IV. Conclusion

Because we have sustained Rainey's first issue, we reverse the trial court's judgment dismissing Rainey's suit for want of prosecution, and we remand this case to the trial court.

/s/ Dana Womack

Dana Womack
Justice

Delivered:  March 13, 2025

---

cause' for retention of the case on the court's docket at a hearing"). Additionally, in *Stanton*, the inmate had received the dismissal notice before the scheduled hearing date. *See* 2022 WL 714584, at *2.

15