David GREENBERG, et al., Appellants,

v.

FINCHER & SON REAL ESTATE, INC. d/b/a Fincher, Greenberg & Baca Investments, et al., Appellees.

No. 01-88-00143-CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 30, 1988.

Ronald H. Tonkin, Michael H. Hopkins, Ronald H. Tonkin & Associates, Randolph J. Lee, Milton E. Feder, P.C., Houston, for appellants.

Paul E. Harris, Harris, Westmoreland & Herring, Dennis Powell, Merrick C. Walton, Hoover, Cox & Shearer, Houston, for appellees.

Before JACK SMITH, COHEN and STEPHANOW, JJ.

## ORDER

PER CURIAM.

The appellees have notified this Court that appellants David N. Greenberg, Morris Kass, and Jacob Kass have filed for protection under the United States bankruptcy laws. Appellees also seek to extend the stay of the appeal to the non-bankrupt corporate appellants, which they argue constitute the alter egos of the bankrupt individuals.

11 U.S.C. sec. 362(a) provides that once a petition in bankruptcy is filed, it operates as an automatic stay against the commencement or continuation of any judicial, administrative, or other proceeding against the debtor. Any actions taken in violation of the automatic stay, including judgments or other court actions, are void. *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *Wallen v. State*, 667 S.W. 2d 621, 623 (Tex.App.—Austin 1984, no writ).

An appeal is a continuation of judicial action, so it is automatically stayed if it is "against the debtor." 11 U.S.C. sec. 362(a). We decide this question by examining only the original posture of the case. *Star-Tel, Inc. v. Nacogdoches Tele-com-*

*munications, Inc.*, 755 S.W.2d 146, (Tex. App.—Houston [1st Dist.], n.w.h.); *see Freeman v. Commissioner of Internal Revenue*, 799 F.2d 1091, 1092–93 (5th Cir.1986); *Marcus, Stowell & Beye Gov't Sec., Inc. v. Jefferson Inv. Corp.*, 797 F.2d 227, 230 n. 4 (5th Cir.1986). If the debtor was the plaintiff in the court below, the stay does not apply; if the debtor was the defendant, any further action is stayed. *Id.*

Here, the bankrupt individual appellants were the defendants in the trial court. The appeal is therefore considered to be "against the debtors" and is stayed. This is so even though it is the debtors who are appealing an adverse lower court judgment. *See, e.g., Commerzanstalt v. Telewide Systems, Inc.*, 790 F.2d 206, 207 (2d Cir.1986) (because original suit was brought against debtor, action was stayed, and debtor was not allowed to waive the stay and appeal). The debtor or any other interested party may apply to the bankruptcy court for relief from the stay. 11 U.S.C. sec. 362(d).

 The automatic bankruptcy stay does not ordinarily encompass non-bankrupt co-defendants or preclude severance of claims against them. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir.1983); *see Carter Real Estate & Dev., Inc. v. Builder's Serv. Co.*, 718 S.W.2d 828 (Tex.App.—Austin 1986, no writ). However, where proceeding with the claim of the co-defendants would work an injustice or adversely affect the bankrupt estate, the bankruptcy court may extend the stay to also encompass non-debtors. *See, e.g., In re Precision Colors, Inc.*, 36 B.R. 429, 431 (Bankr.S.D.Ohio 1984); *In re Johns–Manville Corp.*, 33 B.R. 254, 263–64 (Bankr.S. D.N.Y.1983); 11 U.S.C. sec. 105(a) (1982).

In addition, this Court may exercise its own inherent discretionary authority to stay an appeal in order to control and efficiently manage its docket. *See Landis v. North American Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d at 544–45. After reviewing the lengthy record and extensive briefs, and after weighing the competing interests and the arguments advanced by all parties, we conclude that our discretionary power to stay a proceeding should be exercised here. The parties' claims are intertwined, and there are allegations, supported by language in the master's report approved by the trial court, that the non-bankrupt corporate appellants are merely the alter egos of the bankrupt individual appellants. In such circumstances, allowing part of the appeal to continue while the remainder is stayed would result in a waste of judicial resources, as well as potential hardship or prejudice to the parties.

The entire appeal is ordered stayed. The appellants are ordered to notify this Court when the bankruptcy stay is lifted, by termination of the bankruptcy or otherwise. Both parties' requests for sanctions are denied.