

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THREE LEGGED MONKEY, L.P., JAMES MICHAEL ARMSTRONG, AND 2700 N. MESA, L.L.C., | § § § | No. 08-13-00189-CV |
| | § | Appeal from |
| Appellants, | § | 327th District Court |
| v. | § | of El Paso County, Texas |
| JOHN COOK, | § | (TC # 2012-DCV-00099) |
| Appellee. | § § | |

# **O P I N I O N**

This appeal is before the Court to determine whether the appellants, Three Legged Monkey, L.P. (3LM), James Michael Armstrong, and 2700 N. Mesa LLC, timely perfected their appeal from an order dismissing their suit against John Cook. We dismiss the appeal for lack of jurisdiction.

Appellants sued Cook and several other defendants for business disparagement, defamation and defamation per se, tortious interference, and negligence. The other defendants successfully moved for dismissal of the suit against them pursuant to Section 27.003 of the Civil Practice and Remedies Code and Appellants timely filed notice of appeal. *See* TEX.CIV.PRAC.& REM.CODE ANN. § 27.003 (West Supp. 2012). That appeal is docketed as 08-12-00182-CV.

The instant appeal, cause number 08-13-00189-CV, concerns the remaining defendant

John Cook. Like the other defendants, Cook also moved to dismiss the suit against him pursuant to Section 27.003. The trial court granted the motion and dismissed the suit against Cook on May 18, 2012. Under Section 27.008(c)'s deadline (60 days from date order signed), Appellants' notice of appeal was due to be filed on July 17, 2012. *See* TEX.CIV.PRAC.& REM.CODE ANN. § 27.008(c). 3LM filed a Chapter 11 bankruptcy petition on June 2, 2012. In response to a notification filed by 3LM, this Court stayed the related appeal involving 3LM and the other plaintiffs (cause number 08-12-00182-CV) by order entered on June 21, 2012. *See* TEX.R.APP.P. 8.1 (providing that any party may file a notice that a party is in bankruptcy), 8.2 (providing that a "bankruptcy suspends the appeal and all periods in these rules from the date when the bankruptcy petition is filed until the appellate court reinstates or severs the appeal in accordance with federal law"). Likewise, on July 12, 2012, the trial court entered an order staying "any further action in this cause" and removed the case from the docket. It does not appear that any party sought relief from the stay in this Court or the bankruptcy court. *See* 11 U.S.C.A. § 362(d)(the debtor or any other interested party may apply to the bankruptcy court for relief from the stay). There is also no indication that Cook ever objected to the stay order entered by the trial court. The bankruptcy court entered an order confirming 3LM's plan of reorganization on July 8, 2013. Judge Chew signed an order on July 18, 2013 lifting the stay and Appellants filed their notice of appeal that same date.

The Clerk's Office sent Appellants a 10-day letter notifying them that it appeared the appeal had not been timely perfected. The Court has received responses from the Appellants and Cook. Appellants take the position that they timely perfected appeal within 30 days after the stay was lifted. Cook argues that the automatic bankruptcy stay does not apply in this case because the underlying case is not a suit against the debtor, but rather is a suit by the debtor

3LM.

Cook is correct that a petition filed under the Bankruptcy Code operates as an automatic stay of judicial proceedings *against the debtor*. 11 U.S.C.A. § 362(a)(1). "Against the debtor" means that Congress intended only to stay suits filed against bankrupt debtors, not suits filed by bankrupt debtors. *Montgomery Ward & Co., Inc. v. Denton County Appraisal Dist.*, 13 S.W.3d 828, 829-30 (Tex.App.--Fort Worth 2000, pet. denied), *citing McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 366 (5th Cir. 1993). Clearly, 3LM initiated the suit below, and therefore the automatic bankruptcy stay did not apply to that case. Nevertheless, 3LM notified both this Court and the trial court of the bankruptcy proceeding and both courts entered stay orders in response of that notification. This Court's stay order in cause number 08-12-00182-CV was entered pursuant to Rules 8.1 and 8.2 which are not restricted to a proceeding "against the debtor." Of course, that order is irrelevant to this appeal and could not serve to toll the appellate deadlines in the instant appeal. The question is whether the trial court's stay order tolled the appellate deadline.

The cases addressing the automatic bankruptcy stay are instructive. Some intermediate appellate courts have held that the automatic bankruptcy stay does not operate to toll any state appellate deadlines even though the debtor cannot perfect appeal of a judgment entered against him during the pendency of the stay -- the notice of appeal would be considered void if filed during the automatic bankruptcy stay. *See e.g., Bashaw v. State*, Cause No. 03-05-00745-CV, 2007 WL 1518063 (Tex.App.--Austin 2007, no pet.); *Gantt v. Gantt*, 208 S.W.3d 27, 31 (Tex.App.--Houston [14th dist.] 2006, pet. denied); *Burrhus v. M & S Machine and Supply Co., Inc.*, 897 S.W.2d 871, 873 (Tex.App.--San Antonio 1995, no writ). However, Section 108(c) of the Bankruptcy Code provides for a thirty day extension of any deadline that expired during the

stay. 11 U.S.C.A. § 108(c). If the automatic bankruptcy stay actually applied to this case, we would find that 3LM and the other appellants timely filed their notice of appeal because it was filed within 30 days after the stay was terminated. But, the automatic bankruptcy stay and Section 108(c) do not apply here. Consequently, 3LM and the other appellants cannot avail themselves of Section 108(c)'s extension of time. The trial court stayed the proceedings and removed the case from its docket, but the deadline for filing the notice of appeal was not tolled.

Appellants also rely on Section 108(b) which provides that a debtor-in-possession may be granted a 60-day extension after entry of the order for relief for the filing of a pleading, demand, notice, or proof of claim. 11 U.S.C.A. § 108(b). Cook concedes that Section 108(b) applies but he argues that Appellants did not file their notice of appeal by the extended deadline. The commencement of a voluntary case under Chapter 11 by filing a petition constitutes an order for relief. 11 U.S.C.A. § 301(a), (b). 3LM filed its bankruptcy petition on June 2, 2012. Thus, the extension of time provided by Section 108(b) expired sixty days after June 2, 2012 and Appellants did not file their notice of appeal until July 18, 2013.

Because Appellants did not file their notice of appeal on or before the due date provided by the Rules of Appellate Procedure or by the extended deadline provided by Section 108(b), they failed to timely perfect the appeal. We dismiss the appeal for want of jurisdiction.

August 21, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J., not participating