COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Elite ER PLLC and Ronald A. Charles v. Page Southerland Page LLP

Appellate case number:     01-13-01073-CV

Trial court case number:   1033425

Trial court:              County Court at Law No. 2 of Harris County

Appellee, Page Southerland Page, LLP, has filed a notice of bankruptcy, informing the Court of appellant Ronald A. Charles' petition for bankruptcy filed on February 14, 2014. *See* 11 U.S.C. § 362(a) (2000); TEX. R. APP. P. 8.1.

11 U.S.C. § 362(a) provides that once a petition in bankruptcy is filed, it operates as an automatic stay against the commencement or continuation of any judicial, administrative, or other proceeding against the debtor. Any actions taken in violation of the automatic stay, including judgments or other court actions, are void. *Greenberg v. Fincher & Son Real Estate, Inc.*, 753 S.W.2d 506, 506 (Tex. App.—Houston [1st Dist.] 1988, no writ); *Wallen v. State*, 667 S.W.2d 621, 623 (Tex. App.—Austin 1984, no writ). Because an appeal is a continuation of judicial action, it is automatically stayed if it is "against the debtor." 11 U.S.C. § 362(a); *Greenberg*, 753 S.W.2d at 506. Generally, if the debtor was the plaintiff in the court below, the stay does not apply; however, if the debtor was the defendant, as was the case here, any further action is stayed. *Marcus, Stowell & Beye Gov't Sec., Inc. v. Jefferson Inv. Corp.*, 797 F.2d 227, 230 n.4 (5th Cir. 1986).

In accordance with the Texas Rules of Appellate Procedure, the Court stays this appeal until a party notifies the Court that reinstatement is authorized by federal law or by the bankruptcy court and moves to reinstate the case. *See* TEX. R. APP. P. 8.2, 8.3. The Court will take no further action other than to receive and hold any documents tendered during the period of suspension. *See id.* It appears from the notice filed by Page Southerland Page that it intends to file a motion to sever; however it has not filed a formal motion for severance, nor provided any authority showing whether severance is permissible under federal law. Unless a party successfully moves to reinstate or sever, this appeal will be an inactive case on the Court's docket. *See* TEX. R. APP. P. 8.3.

Should no motion for severance be filed and granted, appellants Elite ER PLLC and Ronald A. Charles are ORDERED to provide this Court with an update on bankruptcy proceedings within 9 months of the date of this order, and each 6 months thereafter.

It is so ORDERED.

Judge's signature: /s/ <u>Justice Harvey Brown</u>
                          X   Acting individually    ☐   Acting for the Court


Date:   March 25, 2014