COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



MEMORANDUM ORDER

Appellate case name:       Paula Miller v. James Prince a.k.a James Smith

Appellate case number:    01-13-00243-CV

Trial court case number:  2011-65843

Trial court:                      309th District Court of Harris County

The complete record was filed in the above-referenced appeal on June 4, 2013, making appellant's brief due on July 5, 2013. *See* TEX. R. APP. P. 38.6(a). On April 2, 2014, we notified appellant that the time for filing her brief had expired and that, unless her brief or a satisfactory motion for extension of time is filed by May 2, 2014, we may dismiss the appeal for want of prosecution. In response, on April 3, 2014, appellant filed a suggestion of bankruptcy stating that her bankruptcy petition was reinstated on March 28, 2014. Appellant requests that "this Court take notice of this bankruptcy filing and the provisions of the automatic stay of 11 U.S.C. § 362."

Appellant's suggestion of bankruptcy fails to demonstrate that this appeal is stayed by her bankruptcy. Appellant was the petitioner who initiated the underlying divorce proceeding. Thus, the automatic stay imposed by Section 362 of the Bankruptcy Code does not apply because it stays actions ***against*** a debtor, whereas this appeal relates to an action ***by*** the debtor. *See* 11 U.S.C. § 362(a)(1) (bankruptcy petition imposes an automatic stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding ***against*** the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim ***against*** a debtor that arose before the commencement of the case under this title") (emphasis added). As this Court has held with respect to the Section 362 automatic stay:

> Because an appeal is a continuation of judicial action, it is automatically stayed if it is "against the debtor." Generally, if the debtor was the plaintiff in the court below, the stay does not apply; if the debtor was the defendant . . . any further action is stayed.

*Budzyn v. Citibank (South Dakota), N.A.*, No. 01-08-00211-CV, 2010 WL 2044628, at *1 (Tex. App.—Houston [1st Dist.] May 19, 2010, no pet.) (citations omitted); *see also Greenberg v. Fincher & Son Real Estate, Inc.*, 753 S.W.2d 506, 506-07 (Tex. App.—Houston [1 Dist.]1988, no pet.) (same); *Three Legged Monkey, L.P. v. Cook*, 417 S.W.3d 541, 543 (Tex. App.—El Paso 2013, petition for review filed) (Section 362(a)(1)'s providing that it operates as a stay "'[a]gainst the debtor' means that Congress intended only to stay suits filed against bankruptcy

debtors, not suits filed by bankruptcy debtors."); *Montgomery Ward & Co., Inc. v. Denton County Appraisal Dist.*, 13 S.W.3d 828, 829-830 (Tex. App.—Fort Worth 2000, pet. denied) (holding that automatic stay did not prohibit trial court from dismissing appellant's case for want of prosecution because "[a]ppellant initiated the suit, which is not an 'action or proceeding against the debtor.'").

To the extent that Texas Rule of Appellate Procedure 8.2 provides for a stay upon filing a bankruptcy petition regardless of whether the action is by or against the debtor (and, thus, broader than the stay imposed by Section 362 of the Bankruptcy Code), Rule 8.3 allows us to reinstate the appeal. *See* TEX. R. APP. P. 8.3(a) ("If a case has been suspended by a bankruptcy filing, a party may move that the appellate court reinstate the appeal if permitted by federal law or the bankruptcy court."). Here, federal law permits reinstating the appeal because the Section 362 automatic stay does not apply and no other federal law prevents continuing the appeal.

Accordingly, we hold that this appeal is not stayed by appellant's bankruptcy. Appellant is **ordered** to file her brief, or a response demonstrating that this appeal is subject to the bankruptcy stay, within 30 days from the date of this order. If appellant fails to timely comply, the Court may dismiss this appeal for want of prosecution without further notice. *See* TEX. R. APP. P. 42.3(b).

It is so ORDERED.


Judge's signature: /s/ Jane Bland _____

                           ☑ Acting individually     ☐ Acting for the Court


Date: April 22, 2014 _____