08-18-00018-CV

ACCEPTED
08-18-00018-CV
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
5/25/2018 10:32 AM
DENISE PACHECO
CLERK

## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

_____

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS

5/25/2018 10:32:37 AM
DENISE PACHECO
Clerk

### NO. 08-18-00018-CV

_____

### ROSA MARIA ARZATE,

*Appellant,*

**vs.**

### MATTHEW MANUEL ANDUJO and JUAN MIGUEL TORRES,

*Appellees.*

_____

### BRIEF OF APPELLANT

_____

Scherr & Legate, PLLC
109 N. Oregon 12th Floor
El Paso, Texas 79901
Telephone: (915) 544-0100
Fax: (915) 532-1759

Jeffrey B. Pownell
Texas Bar No. 16222900
jpownell@scherrlegate.com
*Counsel for Appellant*
*Rosa Maria Arzate*

### ORAL ARGUMENT WAIVED

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of the parties, attorneys, and any other person who has any interest in the outcome of this lawsuit:

**The Honorable Louis Aguilar, Trial Judge Presiding**
243rd Judicial District Court
El Paso County Courthouse
500 E. San Antonio, Room 901
El Paso, Texas  79901
(915) 546-2168 – phone
(915) 546-8107 – fax

**Rosa Maria Arzate, Plaintiff/Appellant**
Jeffrey B. Pownell
Scherr & Legate, PLLC
109 North Oregon, 12th Floor
El Paso, Texas  79901
(915) 544-0100 – phone
(915) 532-1759 – fax
jpownell@scherrlegate.com

**Matthew Manuel Andujo, Defendant/Appellee**
301 Montestruc APT #1
El Paso, Texas 79901
and
1440 Goodyear
El Paso, Texas 79936

**Juan Miguel Torres, Defendant/Appellee**
301 Montestruc APT #1
El Paso, Texas 79901
and
4302 Alameda
El Paso, Texas 79905

# TABLE OF CONTENTS

Identity of Parties and Counsel.................................................................. ii

Table of Contents..................................................................................... iii

Index of Authorities................................................................................. iv

Statement of the Case............................................................................... 1

Issues Presented....................................................................................... 1

Statement of Facts.................................................................................... 1

Summary of the Argument......................................................................... 9

Argument and Authority............................................................................ 10

    A.    Standard of review and applicable law........................................ 10

    B.    The trial court erred in dismissing the case.................................. 12

        1.    No failure to comply with Rule 165a(1) or (2)................... 12

        2.    No notice based on the trial court's inherent power to dismiss for failure to diligently prosecute the case (which would be an abuse of discretion in any case)........... 12

    C.    The trial court also erred in failing to reinstate the case................. 15

Conclusion and Prayer.............................................................................. 18

Certificate of Compliance and Service......................................................... 20

Appendix ............................................................................................... App
    Dismissal Order for Want of Prosecution (CR 290)
    Notice of Dismissal Hearing Under Rule 165a (CR 49)

# INDEX OF AUTHORITIES

**Cases:**                                                                                      **Page**

*Brim Laundry Mach. Co. v. Washex Mach. Corp.,*
   854 S.W.2d 297 (Tex. App. – Fort Worth 1993, writ denied)................ 11

*Goff v. Branch,* 821 S.W.2d 732
   (Tex. App. – San Antonio 1991, writ denied).......................................... 11

*Jimenez v. Transwestern Prop. Co.,*
   999 S.W.2d 125 (Tex. App. – Houston [14th Dist.] 1993, no writ)......... 11

*Johnson-Snodgrrass v. KTAO, Inc.,*
   75 S.W.3d 84 (Tex. App. – Forth Worth 2002, pet. dism'd).......... ........ 10-14

*Lopez v. Harding,* 68 S.W.3d 78
   (Tex. App. – Dallas 2001, no pet.)........................................................... 10

*MacGregor v. Rich,* 941 S.W.2d 74 (Tex. 1997)....................................... 10

*Maida v. Fire Ins. Exch.,* 990 S.W.2d 836
   (Tex. App. – Forth Worth 1999, no pet.).....................................10-11,14-15,18

*Shook v. Gilmore & Tatge Mfg. Co.,*
   951 S.W.2d 294 (Tex. App. – Waco 1997, writ denied).......................... 12

*Smith v. Babcock & Wilcox Const. Co.,*913 S.W. 2d 467 (Tex. 1995)........... 12

*Tex. Mut. Ins. v. Olivas,* 323 S.W.3d 266
   (Tex. App. – El Paso 2010, no pet.).......................................................... 14

*Villarreal v. San Antonio Truck & Equip.,*
   994 S.W.2d 628 (Tex. 1999)................................................................... 11

**Statutes and Rules**:

Tex. R. Civ. P. 165a................................................................................ passim

## STATEMENT OF THE CASE

This is an appeal from the trial court's order of dismissal for want of prosecution signed November 9, 2017, in the matter below styled *Rosa Maria Arzate v. Matthew Manuel Andujo, Juan Miguel Torres, and C.R.A.W. Oyster Bar & Lounge, LLC a/k/a CRAW Oyster Bar & Lounge, LLC d/b/a CRAW Oyster Bar & Lounge,* No. 2017-DCV0567, in the 243rd Judicial District Court, Louis Aguilar, judge presiding.[1] (CR 290) (dismissal order). On February 7, 2018, Appellant Rosa Maria Arzate ("Arzate" or "Plaintiff") filed her notice of appeal. (CR 428-564).

## ISSUES PRESENTED

The trial court erred when it dismissed the case for want of prosecution.

The trial court erred when it failed to reinstate the case.

## STATEMENT OF FACTS

On February 17, 2017, Plaintiff filed her Original Petition for personal injuries against Defendants MATTHEW MANUEL ANDUJO and JUAN MIGUEL

---

[1] Defendant CRAW Oyster Bar & Lounge, LLC ("CRAW Oyster Bar") was added as a defendant in Plaintiff's First Amended Petition filed October 7, 2017, and had not been served or otherwise made an appearance at the time of the trial court's order of dismissal signed November 9, 2017. However, Appellant has since entered into an Agreed Judgment with Defendant CRAW Oyster Bar in a re-filed suit, so appellant does not intend to seek any appellate relief in this appeal as to the trial court's dismissal of her claims against CRAW Oyster Bar. Nevertheless, for purposes of this appeal, the trial court's dismissal of Plaintiff's claims against CRAW Oyster Bar for want of prosecution – slightly more than a month after Plaintiff brought her claims against it – remains relevant to the issues presented in this appeal of whether the trial court erred in dismissing the case for want of prosecution and in failing to reinstate the case.

TORRES, arising out of an incident that occurred on or about February 17, 2016, in El Paso County, Texas. (CR 11-15). Among other things, Plaintiff alleged in her petition that at such time and place, Plaintiff was traveling eastbound on 1-10 west at approximately 12:10 a.m. when Defendant MATTHEW MANUEL ANDUJO, who was intoxicated, entered the freeway from the 1-10 East Airway off ramp while driving a vehicle owned by Defendant JUAN MIGUEL TORRES with his permission, and thereafter drove into 1-10 eastbound traffic while driving the wrong way, causing the collision of several vehicles, including the vehicle operated by Plaintiff. Said occurrence caused substantial physical injuries to Plaintiff. Defendant ANDUJO was negligent and grossly negligent. Defendant TORRES negligently entrusted the vehicle to Defendant ANDUJO. (CR 12).

The record reflects on May 11, 2017, Defendant JUAN MIGUEL TORRES was personally served with citation and a copy of Plaintiff's Original Petition, by process server Eric Bogle, delivering same to him in person at 4302 Alameda, El Paso, Texas 79905, at 1:35 p.m. (CR 62-63) (*Motion for Default Judgment, Ex B*). Thus, Defendant JUAN MIGUEL TORRES's deadline to file an answer or appear in the case was on **Monday, June 05, 2017**, and citation and proof of service had been on file with the clerk at least 10 (ten) days, excluding day of filing and day of hearing, on Plaintiff's Motion for Default Judgment filed September 22, 2017, and

2

heard October 12, 2017. (CR 51-75 (Motion for Default Judgment filed September 22, 2017); (RR 1, pp. 3-5) (Motion for Default Judgment heard October 12, 2017).

The record reflects on May 12, 2017, Defendant MATTHEW MANUEL ANDUJO was personally served with citation and a copy of Plaintiff's Original Petition on May 12, 2017, by process server Eric Bogle, delivering same to him in person at 1440 Goodyear, El Paso, Texas 79936, at 12:08 p.m. (CR 59-60) (*Motion for Default Judgment, Ex. A*). Thus, Defendant MATTHEW ANDUJO'S deadline to file an answer or appear in the case was on **Monday, June 5, 2017,** and citation and proof of service had been on file with the clerk at least ten (10) days, excluding day of filing and day of hearing, on Plaintiff's Motion for Default Judgment filed September 22, 2017, and heard October 12, 2017. (CR 51-75 (Motion for Default Judgment filed September 22, 2017); (RR 1, pp. 3-5) (Motion for Default Judgment heard October 12, 2017).

On July 17, 2017, Defendants' insurance carrier sent a letter to Plaintiff's counsel regarding the case, stating in relevant part that "although every effort has been made to contact our insured, we have been unable to complete our investigation into the above referenced claim due to their non-cooperation" and "[c]onsequently, we must deny all claims arising from this loss. If in the future they choose to cooperate in our investigation, we may reopen this file for

3

consideration." (CR 74) (*Motion for Default Judgment, Ex. D*).

Thereafter, on September 22, 2017, Plaintiff filed her Motion for Default Judgment and requested that the Court enter default judgment against Defendants JUAN MIGUEL TORRES and MATTHEW MANUEL ANDUJO, due to their failure to answer or otherwise appear in the case following their June 5, 2017 deadlines to do so (CR 51-75), and on September 28, 2017, the matter was set for hearing for October 12, 2017. (CR 76).

Shortly before the default judgment hearing, on October 7, 2017, Plaintiff filed her First Amended Petition and added Defendant C.R.A.W. OYSTER BAR & LOUNGE, LLC, a/k/a CRAW OYSTER BAR & LOUNGE, LLC d/b/a CRAW OYSTER BAR & LOUNGE, a Texas corporation ("CRAW OYSTER BAR"), and added dram-shop claims against Defendant CRAW OYSTER BAR for negligently providing intoxicating alcoholic beverages to Defendant MATTHEW ANDUJO when Defendant had actual or constructive knowledge of his intoxication and knew or should have known that continuing to provide alcoholic beverages to Defendant MATTHEW ANDUJO created a danger to others driving on the roadways, including Plaintiff, in violations of relevant provisions of the Texas Alcohol and Beverage Code and other relevant laws and ordinances of the City of El Paso and State of Texas. (CR 264-70).

On October 12, 2017, hearing was held before the trial court on Plaintiff's

Motion for Default Judgment against Defendants MATTHEW ANDUJO and JUAN MIGUEL TORRES, whose deadline to answer or otherwise appear in the case had expired on June 5, 2017. (RR 1, pp. 3-4). Plaintiff's counsel Rolando Morales was present at the hearing, along with Plaintiff, who was present to provide testimony to the Court on the issue of her damages. Plaintiff's counsel had also prepared a notebook for the Court's reference at the hearing that provided relevant copies of evidence reflecting that Defendants MATTHEW ANDUJO and JUAN MIGUEL TORRES had been personally served with the suit on May 11, 2017 and May 12, 2017 (CR 345-386) (Exhibits 1-6), along with evidence of Plaintiff's property damages and medical bills and medical summary for injuries she sustained as a result of the incident (CR 387-424) (Exhibits 9-15). *See* CR 301-302; CR 306 (statements contained in Motion to Reinstate verified as true and correct); CR 345-424 ("Plaintiff's Exhibit List" notebook with Exhibits 1-15).

Without hearing evidence from Plaintiff, the trial court summarily denied Plaintiff's Motion for Default Judgment (RR 1, pp. 3-4) and the same day (October 12, 2017), *sua sponte* set the matter for a dismissal hearing under Rule 165a for November 9, 2017 by issuing a **"NOTICE OF DISMISSAL HEARING UNDER RULE 165a, TEXAS RULES OF CIVIL PROCEDURE."** (CR 262). The notice states "In compliance with Rule 165a, Texas Rules of Civil Procedures (T.R.C.P.), you are

5

hereby notified a dismissal for want of prosecution hearing has been set in the above-styled and numbered cause 20167 DCV10567 as per attached" (CR 262). The notice of dismissal does not provide any notice of the court's intent to dismiss based on its inherent powers. (CR 262).

On November 9, 2017, Plaintiff's counsel Rolando Morales attended the dismissal hearing. (RR 1, pp. 5-6). At the hearing, the Court summarily dismissed the case for want of prosecution (RR 1, pp. 5-6) and the same day signed a "Dismissal Order for Want of Prosecution" (CR 290) that states in pertinent part:

**DISMISSAL ORDER FOR WANT OF PROSECUTION**

BE IT REMEMBERED THAT THE COURT, AFTER DUE NOTICE TO THE ATTORNEY/PRO SE OF RECORD IN THE ABOVE STYLED AND NUMBERED CAUSE THAT SAID CAUSE WOULD BE DISMISSED ON **October 12, 2017** FOR WANT OF PROSECUTION, <u>ON THE GROUNDS STATED IN THE NOTICE OF INTENT TO DISMISS FOR WANT OF PROSECUTION, UNLESS THERE WAS GOOD CAUSE BEING SHOWN</u>.

. . . .

IT IS THE ORDER OF THE COURT THAT THE ABOVE STYLED AND NUMBERED CAUSE BE DISMISSED FOR WANT OF PROSECUTION. COURT COSTS ARE TAXED AGAINST PLAINTIFF.

(CR 290) (underline in order added; underline in title and boldface in order).

At the time the case was dismissed for want of prosecution, Plaintiff's claims

6

against Defendants MATTHEW ANDUJO and JUAN MIGUEL TORRES had been pending for less than nine months from the date suit was filed, and less than six months from the date of personal service on Defendants (on May 11, 2017 and May 12, 2017); and her claims against Defendant CRAW OYSTER BAR (set forth in Plaintiff's First Amended Petition filed October 7, 2017 (CR 264-70)) had been pending for little more than a month from the time the amended petition was filed.[2]

On December 7, 2017, Plaintiff filed her Verified Motion to Reinstate Pursuant to Rule 165a, with supporting documentation, and requested the trial court reinstate the case for good cause shown. (CR 299-426). On December 12, 2017, the trial court set the matter for hearing for February 1, 2018. (CR 427). On February 1, 2018, Plaintiff's counsel Jeff Pownell and Rolando Morales were present at the hearing. (RR 1, p. 6). After hearing arguments of counsel, the trial court denied the motion. (RR 1, pp. 6-10).

Plaintiff's counsel appeared at all hearings in the case as reflected on the case docket sheet. (CR 302 ¶ 9; CR 306 (statements contained in Motion to Reinstate verified as true and correct)). At the time of dismissal, pendency of the case was well within the time standards promulgated by the Supreme Court under the Administrative Rules. (CR 302 ¶ 9; CR 306).

---

[2]Defendant CRAW Oyster Bar had not been served at the time of dismissal.

The record also demonstrates that Plaintiff prosecuted her case with diligence. In addition to seeking default judgment, the record shows Plaintiff served written discovery on defendants contemporaneously with filing her claims against them. *See* CR 22-27, 28-32 (Plaintiff's Request for Production of Documents served on Defendants Andujo and Torres with Original Petition); CR 33-37, 38-42 (Plaintiff's First Set of Interrogatories served on Defendants Andujo and Torres with Original Petition ); CR 43-45 (Plaintiff's Request for Disclosure served on Defendants Andujo and Torres with Original Petition); CR 271-76; 277-83; 284-87 (Plaintiff's First Set of Interrogatories, First Request for Production of Documents, and Request for Admissions to Defendant CRAW Oyster Bar, filed with First Amended Petition). The record also demonstrates that Plaintiff filed her "Notice of Intent to Use Medical [and Business] Records" with records and billings from her medical providers to prepare for trial or other disposition. *See* CR 77-83 (Plaintiff's Notice of Intent to Use Medical and Business Records of Mehta Nilesh, MD, filed October 2, 2017); CR 84-141 (Plaintiff's Notice of Intent to Use Medical and Business Records of El Paso Orthopedic Surgery Group, filed October 2, 2017); CR 142-257; 258-61 (Plaintiff's Notice of Intent to Use Medical Records of University Medical Center of El Paso and Notice of Intend to Use Business Records of University Medical Center of El Paso, both filed October 3, 2017).

# SUMMARY OF THE ARGUMENT

The trial court erred when it dismissed the case for want of prosecution under Rule 165a. Plaintiff's counsel appeared at all hearings in the case. At time of dismissal, Plaintiff's claims against Defendants Andujo and Torres had been pending less than nine months from the date suit was filed and less than six months from the date they were served, and Plaintiff's amended petition with claims against Defendant CRAW Oyster Bar had been pending little more than a month.

The trial court did not provide notice of any intent to dismiss based on its inherent authority, but even if it did, Plaintiff prosecuted her case with diligence. Plaintiff served Defendants Andujo and Torres with suit and extensive written discovery. After being informed that their insurer would not provide a defense, Plaintiff filed a Motion for Default Judgment and set the matter for hearing. At the hearing, the trial court summarily denied Plaintiff's motion and the same day *sua sponte* set the matter for dismissal hearing under Rule 165a less than a month later.

The trial court also erred when it failed to reinstate the case, as Plaintiff's verified motion to reinstate, with supporting documentation, established good cause to reinstate the case. The trial court's order of dismissal should be vacated and the case reversed and remanded to the trial court for trial or other disposition on the merits.

## ARGUMENT AND AUTHORITY

**A.**     **Standard of review and applicable law.**

A trial court's authority to dismiss a case for want of prosecution derives from two sources: Rule 165a of the Texas Rules of Civil Procedure and the trial court's inherent power. *See* Tex. R. Civ. P. 165a(1); *Lopez v. Harding,* 68 S.W.3d 78, 79 (Tex. App. – Dallas 2001, no pet.). The Court reviews a trial court's order of dismissal under either source for an abuse of discretion. *MacGregor v. Rich,* 941 S.W.2d 74, 75 (Tex. 1997). A trial judge abuses his discretion when he acts arbitrarily or unreasonably, or without reference to guiding rules and principles. *See Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 298 (Tex. 1986).

Under Rule 165a(1), a trial court may dismiss a case for want of prosecution is a party fails to appear at trial or a hearing. Tex. R. Civ. P. 165a(1); *Johnson-Snodgrass v. KTAO, Inc.,* 75 S.W.3d 84, 87 (Tex. App. – Fort Worth 2002, pet. dism'd) (citing *Maida v. Fire Ins. Exch.,* 990 S.W.2d 836, 841 (Tex. App. – Fort Worth, no pet.). Under Rule 165a(2), a trial court may dismiss a case for want of prosecution , when the case is not disposed of in accordance with the time standards prescribed by the supreme court. Tex. R. Civ. P. 165a(2). The time standard governing civil jury cases (other than family law cases) encourages final disposition of the case within eighteen months from appearance date. Tex. R. Jud. Admin. 6,

10

*reprinted in* Tex. Gov't Code Title 2, Subtitle F App.; *Maida,* 990 S.W. at 842.

A trial court also has the inherent authority to dismiss a case that has not been diligently prosecuted, which derives from its power to maintain and control its docket. *See Johnson-Snodgrass,* 75 S.W.3d at 88; *Maida,* 990 S.W.2d at 842 (citing *Brim Laundry Mach. Co. v. Washex Mach. Corp.,* 854 S.W.2d 297, 301 (Tex. App. – Fort Worth 1993, writ denied)). However, a party must be provided with adequate notice of the trial court's intent to dismiss for want of prosecution based on its inherent authority (i.e., for failure to diligently prosecute a case) rather than for violation(s) of Rule 165a. *Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex. 1999).

Moreover, notice that a case may be dismissed for grounds under Rule 165a does not constitute adequate notice that the trial court may exercise its inherent authority to dismiss for failure to diligently prosecute. *Villarreal,* 994 S.W. 2d at 630; *Harding,* 68 S.W.3d at 79; *Goff v. Branch,* 821 S.W.2d 732, 736 (Tex. App. – San Antonio 1991, writ denied). The omission of such notice is a denial of due process under the Fourteenth Amendment. *See Villarreal,* 994 S.W.2d at 630; *Jimenez v. Transwestern Prop. Co.,* 999 S.W. 2d 125, 128 (Tex. App. – Houston [14th Dist.] 1993, no writ).

Denial of a motion to reinstate is also reviewed under an abuse of discretion

11

standard. *See Smith v. Babcock & Wilcox Const. Co.,* 913 S.W.2d 467, 467 (Tex. 1995); *Goff,* 821 S.W.2d at 733. In reviewing a court's refusal to reinstate, the reviewing Court first looks to the trial court's basis for dismissal, which provides the measure whereby the Court may then determine if the trial judge abused his discretion in refusing to reinstate. *See, e.g., Shook v. Gilmore & Tatge Mfg. Co.,* 951 S.W.2d 294, 296 (Tex. App. – Waco 1997, writ denied).

**B.  The trial court erred in dismissing the case.**

The trial court abused its discretion and so erred in dismissing the case for want of prosecution under Rule 165a. The evidence is undisputed that (1) Plaintiff or her counsel did not fail to appear at any hearing or trial, and (2) the case was well within the supreme court's disposition time standards at the time of dismissal. *See* Statement of Facts pp. 2-8 (incorporated into this argument section by reference as if fully set forth herein). The trial court's dismissal for want of prosecution under Rule 165a therefore was an abuse of discretion and requires reversal and remand. *See Johnson-Snodgrass,* 75 S.W.3d at 86-87 (when evidence established dismissal was not authorized under Rule 165a(1) or (2), "any dismissal of [plaintiff's] suit under Rule 165a constituted an abuse of discretion" requiring reversal and remand).

Moreover, any dismissal based on the trial court's inherent authority (to dismiss for failure to diligently prosecute the case) also constitutes an abuse of

12

discretion, because the trial court's "Notice of Dismissal Hearing Under Rule 165a, Texas Rules of Civil Procedures" (CR 262) and "Dismissal Order for Want of Prosecution" (CR 290) both expressly provide that notice of dismissal was pursuant to Rule 165a, not pursuant to his inherent authority.

Accordingly, dismissal of the case based on the trial court's inherent authority violates Plaintiff's due process rights and constitutes an abuse of discretion that requires reversal. *See Johnson-Snodgrass,* 75 S.W.3d at 88-90 (sustaining appellant's issue "that the trial court could not exercise its inherent authority to dismiss her suit because the dismissal notice indicated only that the case was subject to dismissal for noncompliance with the supreme court's time standards [under Rule 165a(2)], noting "[b]ecause Snodgrass was never notified that the trial court was considering exercising its inherent authority to dismiss her lawsuit but was instead told in the notice of dismissal and in the dismissal order that the dismissal was initiated pursuant to rule 165a, she was deprived of the opportunity to intelligently refute or respond to the proposed dismissal executed under the trial court's inherent authority [citations omitted] . . . [t]hus, Snodgrass's due process rights were violated, and we cannot agree with appellees' contention to the contrary") and concluding the trial court abused his discretion in dismissing lawsuit under either rule 165a or under its inherent authority).

Even if the trial court had provided notice of dismissal pursuant to his inherent authority, dismissal on this ground would still be an abuse of discretion that requires reversal and remand under the circumstances of this case. Factors a trial court may consider when deciding whether to dismiss under its inherent power include (1) the length of time the case was on file, (2) the extent of activity in the case, (3) whether a trial setting was requested, and (4) whether there were any reasonable excuses for the delay. *Maida,* 990 S.W.2d at 842; *Texas Mut. Ins. v. Olivas,* 323 S.W.3d 266, 274 (Tex. App. – El Paso 2010, no pet.).

Here, the record demonstrates (1) the case was on file a relatively short period of time (less than nine months from the date suit was filed and less than six months from the date Defendants Andujo and Torres were served; (2) extensive activity took place in the case in the relatively short time the case was on file; (3) Plaintiff (in effect) requested a "trial setting" by filing her Motion for Default Judgment and affirmatively seeking default judgment against Defendants Andujo and Torres after they failed to appear; and (4) Plaintiff reasonably explained the short delay between the time Defendants Andujo and Torres were served and Plaintiff's filing her Motion for Default Judgment, because Plaintiff hoped that Defendants would cooperate with their insurance carrier and would provide them a defense, while obtaining a default judgment against them would be virtually certain

14

to result in lack of insurance coverage for Plaintiff's claim.  *See* Statement of Facts pp. 2-9 (incorporated by reference herein).

Accordingly, even if the trial court had provided notice that he intended to dismiss for failure to diligently prosecute the case based on his inherent authority, which it did not, under the record presented in this case, dismissal on this ground would in any case constitute an abuse of discretion that requires reversal and remand.  *See Maida,* 990 S.W. 2d at 842-43 (trial court abused its discretion in dismissing case based on its inherent authority for failure to diligently prosecute, when (1) case was on file for 17 months and dismissed 15 months from appearance date, not in excess of supreme court standards, (2) significant discovery had occurred, (3) case had been set for trial and was continued over Plaintiff's objection, (4) trial court sent dismissal notice after case was removed from its trial setting).

**C.     The trial court erred in failing to reinstate the case.**

The trial court also abused its discretion and so erred in failing to reinstate the case.  On December 7, 2017, Plaintiff filed her Verified Motion to Reinstate Pursuant to Rule 165a, with supporting documentation, and requested the trial court reinstate the case for good cause shown.  (CR 299-426).  On December 12, 2017, the trial court set the matter for hearing for February 1, 2018.  (CR 427).  On February 1, 2018, Plaintiff's counsel Jeff Pownell and Rolando Morales were

present at the hearing and explained to the Court that Plaintiff had not earlier sought default judgment against Defendant Andujo and Torres because a default judgment likely would invalidate coverage under the insurance policy under which they were both "Insured Persons" (as permissive driver (Andujo) and owner (Torres) of the vehicle. (RR 1, pp. 6-10), but the trial court denied the motion. (RR 1, pp. 10).

Rule 165a(3) provides in relevant part:

**Reinstatement.** A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a. A copy of the motion to reinstate shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file. The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable. The court shall notify all parties or their attorneys of record of the date, time and place of the hearing.

The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

*See* Tex. R. Civ. P. 165a (3).

In her Motion to Reinstate, Plaintiff alleged and verified that:

"[Good cause exists to reinstate the case and Plaintiff's failure to obtain judgment against Defendants was not intentional or the result of conscious indifference but may be reasonably explained. Plaintiff's counsel has appeared on behalf of Plaintiff at all hearings in this case, and Plaintiff has also personally appeared at hearings in the case.

16

Plaintiff diligently prosecuted her case against Defendants MATTHEW ANDUJO and JUAN MIGUEL TORRES by first effectuating personal service on said Defendants on May 11, 2017 and May 12, 2017; then after being notified that said Defendants' insurance company would not tender a defense in this case due to their alleged non-cooperation, Plaintiff thereafter sought to obtain a default judgment against Defendants MATTHEW ANDUJO and JUAN MIGUEL TORRES by (1) filing a Motion for Default Judgment with relevant evidence establishing Plaintiff's right to default judgment against said Defendants, (2) setting the motion for hearing before the Court on October 12, 2017, and (3) attending the default judgment hearing on October 12, 2017, with evidence of Defendants' personal service on May 11, 2017 and May 12, 2017, and evidence of Plaintiff's property damages and medical bills and her personal presence to provide testimony to the Court as to her damages suffered as a result of the incident. *See Exhibit D.*

Plaintiff also exercised diligence in adding Defendant CRAW OYSTER BAR as a party – without the benefit of any discovery obtained from Defendants MATTHEW ANDUJO and JUAN MIGUEL TORRES, but through Plaintiff's counsel own efforts in determining the whereabouts of Defendant MATTHEW ANDUJO prior to the incident – by way of her First Amended Petition filed October 7, 2017, that added Plaintiff's claims against Defendant CRAW OYSTER BAR alleging dram-shop liability claims against it. *See Exhibit C.*

At the time the case was dismissed on November 9, 2017, Plaintiff's claims against Defendants MATTHEW ANDUJO and JUAN MIGUEL TORRES had been pending for less than nine months (and less than six months from date of service of Defendants MATTHEW ANDUJO and JUAN MIGUEL TORRES on May 11, 2017 and May 12, 2017); and her claims against Defendant CRAW OYSTER BAR set forth in Plaintiff's First Amended Petition had been pending for one month. At the time of dismissal the pendency of the case was well within the time standards promulgated by the Supreme Court under the Administrative Rules.

17

For these reasons, good cause exists to reinstate the case and any failure of the Plaintiff or her attorney to obtain judgment prior to dismissal was not intentional or the result of conscious indifference, but was due to an accident or mistake and has been reasonably explained. Pursuant to Rule 1665a, the Court should reinstate the case.

*See* CR 299-426 (Plaintiff's Verified Motion to Reinstate with attached exhibits).

Under these circumstances, the trial court also abused its discretion and so erred in failing to reinstate the case pursuant to Rule 165a(3). *See Maida,* 990 S.W.2d at 842-43 ("[b]ecause we hold that the court abused its discretion in dismissing the case under its inherent authority, it was also an abuse of discretion to fail to reinstate a case improperly dismissed.").

## CONCLUSION AND PRAYER

The trial court erred when it dismissed the case for want of prosecution under Rule 165a. The trial court did not provide notice of any intent to dismiss based on its inherent authority, but even if it did, Plaintiff prosecuted her case with diligence. The trial court erred when it failed to reinstate the case, as Plaintiff's verified motion to reinstate, with supporting documentation, established good cause to reinstate the case. The trial court's order of dismissal should be vacated and the case reversed and remanded to the trial court for trial or other disposition on the merits.

**WHEREFORE, PREMISES CONSIDERED,** Appellant Rosa Maria

Arzate requests the Court vacate the trial court's dismissal order and reverse and

remand the case back to the trial court for trial or other disposition on the merits,

and for such other relief to which appellant may be justly entitled.

Respectfully submitted,

**SCHERR & LEGATE, PLLC.**
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 – phone
(915) 532-1759 – fax

*/s/ Jeffrey B. Pownell*
**JEFFREY B. POWNELL**
State Bar No. 16222900
jpownell@scherrlegate.com
*Attorneys for Appellant*
*Rosa Maria Arzate*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of the TRAP because this brief contains 5,227 words, including the parts of the brief exempted under TRAP, and complies with the new typeface requirements because this brief has been prepared in a proportionally spaced typeface using WordPerfect 12 in Times New Roman, 14 point font (footnotes in 12 point font).

*/s/ Jeffrey B. Pownell*
**Jeffrey B. Pownell**
Dated: May 25, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May, 2018, a true and correct copy of the foregoing was mailed through the United States Postal Service, certified mail, return receipt requested, to the following last known address(es) of Appellees in the manner specified below:

***Via Certified Mail, Return Receipt Requested***
Matthew Manuel Andujo
301 Montestruc APT #1
El Paso, Texas 79901
and
1440 Goodyear
El Paso, Texas 79936

Juan Miguel Torres
301 Montestruc APT #1
El Paso, Texas 79901
and
4302 Alameda
El Paso, Texas 79905

*/s/ Jeffrey B. Pownell*
**Jeffrey B. Pownell**

APPENDIX

# IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
## 243RD JUDICIAL DISTRICT

ROSA MARIA ARZATE

v.

Cause No. 2017DCV0567

MATTHEW MANUEL ANDUJO and
JUAN MIGUEL TORRES

## DISMISSAL ORDER FOR WANT OF PROSECUTION

BE IT REMEMBERED THAT THE COURT, AFTER DUE NOTICE TO THE ATTORNEY/PRO SE OF RECORD IN THE ABOVE STYLED AND NUMBERED CAUSE THAT SAID CAUSE WOULD BE DISMISSED ON **October 12, 2017,** FOR WANT OF PROSECUTION, ON THE GROUNDS STATED IN THE NOTICE OF INTENT TO DISMISS FOR WANT OF PROSECUTION, UNLESS THERE WAS GOOD CAUSE BEING SHOWN.

PURSUANT TO THE LOCAL RULES OF EL PASO COUNTY, RULE 3.01(E) AND (F), YOU ARE HEREBY ORDERED TO STRICTLY COMPLY WITH THE AFOREMENTIONED RULE, AND IN THE EVENT THIS LAWSUIT IS RE-FILED, YOU WILL ADVISE THE DISTRICT CLERK TO ASSIGN THIS CASE TO THE ORIGINAL COURT.

IT IS THE ORDER OF THE COURT THAT THE ABOVE STYLED AND NUMBERED CAUSE BE DISMISSED FOR WANT OF PROSECUTION. COURT COSTS ARE TAXED AGAINST PLAINTIFF.

SIGNED: NOVEMBER ___9___, 2017.

**HON. LUIS AGUILAR**
**Judge, 243rd Judicial District Court**

**ORIGINAL TO BE FILED**

290

Filed 10/12/2017 3:06 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0567



# NORMA L. FAVELA
## DISTRICT CLERK
500 E. SAN ANTONIO ST. SUITE 103
EL PASO, TEXAS 79901
PH (915) 546-2021
FAX (915) 546-8139
nfavela@epcounty.com

October 12, 2017

ROSA MARIA ARZATE

v.                                              Cause No: 2017DCV0567

MATTHEW MANUEL ANDUJO
JUAN MIGUEL TORRES

## NOTICE OF DISMISSAL HEARING UNDER RULE 165a, TEXAS RULES OF CIVIL PROCEDURES

In compliance with Rule 165a, Texas Rules of Civil Procedures (T.R.C.P), you are hereby notified, a dismissal for want of prosecution hearing has been set in the above-styled and numbered cause 2017DCV0567 as per attached.

Norma L. Favela

**ORIGINAL TO BE FILED**

cc:
Jeffrey B Pownell
109 N Oregon St Ste 1200
El Paso Tx 79901

262